**In re Yvonne OLLADA, Debtor.**

**Curtis L. MANN, Trustee, Plaintiff,**

**v.**

**COMMONWEALTH SAVINGS & LOAN ASSOCIATION, Community Federal Savings and Loan Association and Yvonne Ollada, Defendants.**

**Bankruptcy No. 87–02728–BKC–JJB.**

**Adv. No. 89–0349–BKC–JJB.**

United States Bankruptcy Court, E.D. Missouri, E.D.

May 22, 1990.

Nathan S. Cohen, St. Louis, Mo., for plaintiff/trustee.

Leslie A. Davis, Clayton, Mo., for debtor.

Richard A. Stockenberg, St. Louis, Mo., for Commonwealth Sav. & Loan Ass'n (Resolution Trust Corp.).

David R. Human, Clayton, Mo., for Community Federal.

MEMORANDUM

JAMES J. BARTA, Bankruptcy Judge.

The matter before the Court is Defendant Commonwealth Savings and Loan Association's (hereinafter Commonwealth) Motion to Dismiss the adversary complaint filed by the Chapter 7 Trustee. Co-defendants Yvonne Ollada and Community Federal Savings and Loan Association have joined in and adopted the Commonwealth motion. The allegations set forth in the motion are that 1) the action is barred by the statute of limitations; 2) the Defendant Commonwealth was not properly served; and 3) the Defendant Commonwealth no longer exists. The parties' written memoranda of law were considered in preparing this Memorandum.

In addressing the issue of whether the action was barred by the statute of limitations the following facts are pertinent. On September 16, 1987, the Debtor filed for relief under Chapter 7 of the Bankruptcy Code. A trustee was appointed and thereafter his appointment was rescinded. A successor trustee was appointed on October 15, 1987. On October 19, 1987, the case was dismissed.

The acts which are the bases of this adversary complaint occurred on October 27, 1987. On October 28, 1987, the October 19, 1987 order which dismissed the case was set aside on the Debtor's request. On December 9, 1987, the successor trustee resigned and a successor to the successor trustee was appointed. On December 8, 1989, this adversary proceeding was commenced.

Count I of the complaint is a claim for turnover of property of the bankruptcy estate pursuant to 11 U.S.C. §§ 542(a) and 543(b). Count II of the complaint seeks to recover an allegedly voidable preference under 11 U.S.C. § 547(b).

First, the Defendants argue that the complaint was barred by the statute of limitations. The Defendants cited 11 U.S.C. § 108 and 11 U.S.C. § 546 in support of their argument. However, neither Section 108 nor Section 546 applies to suits brought under Section 542 or Section 543. Therefore, the Motion to Dismiss will be denied as to Count I of the complaint. As to Count II of the complaint the Motion to Dismiss will be granted. Count II is barred by Section 546 as having been filed after the statute of limitations had expired.

Section 108(a) states:

If applicable nonbankruptcy law, an order entered in a non-bankruptcy proceeding, or an agreement fixes a period within which the debtor may commence an action and such period has not expired before the date of filing of the petition, the trustee may commence such action only before the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) two years after the order for relief.

This section refers to pre-filing causes of action belonging to the debtor and not to a cause of action created by the Bankruptcy Code. *In re Downtown Investment Club III*, 89 B.R. 59, 65 (9th Cir.BAP 1988). A cause of action to turnover property of the bankruptcy estate and an action to avoid a preference are both actions created by the Bankruptcy Code. As such, 11 U.S.C. § 108(a) is inapplicable to both counts.

Next, the Defendants argue that the complaint is barred by 11 U.S.C. § 546(a). Section 546(a) states:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

Section 546 does not apply to Count I as it is an action under Section 542 and Section 543 which are not specified in Section 546. Therefore, the Plaintiff is not barred from proceeding as to Count I. Section 546, however, is applicable to Count II because it specifically states that Section 547 actions are covered by that section.

**656**

The Court then must consider whether Section 546 in fact bars the trustee's prosecution because the action was filed within two years of his appointment as the successor to the successor trustee. The trustee argues that the statute of limitations should begin to run at the time of his appointment which was December 8, 1987. This Court finds that the appointment of a successor or a successor's successor is not a basis upon which the time period is to be restarted. A successor is just a successor. He takes over the case where the first or previous trustee left off. *See, In re Missouri River Sand & Gravel Inc.,* 88 B.R. 1006, 1012 (Bankr.D.N.D. 1988). Furthermore, the trustee has not presented any basis to invoke the equitable tolling doctrine. *See e.g., White v. Boston,* 104 B.R. 951, 956–57 (Bankr.S.D.Ind.1989).

The incident pertinent to the complaint in this matter occurred after the case had been dismissed and before the dismissal order had been set aside. The successor trustee was in place after the dismissal order was entered on October 28, 1987. The complaint was filed on December 9, 1989. This clearly is beyond the two year statute of limitations set forth in Section 546 and therefore Count II will be dismissed.

The Court also finds that the allegation that the Defendant Commonwealth Savings and Loan Association was not properly served is devoid of merit and is therefore denied.

Commonwealth Savings and Loan Association has argued further that the complaint should be dismissed because Commonwealth no longer exists. This allegation has not been refuted by the Plaintiff. Therefore, as to the entity Commonwealth Savings and Loan Association, *only,* the motion to dismiss will be granted without prejudice, and the Trustee will be granted leave to amend the complaint consistent with this dismissal.

In summary, the Plaintiff may proceed to prosecute this action against the proper parties upon Count I only, Count II being dismissed as having been filed out of time.

## ORDER

Upon consideration of the record as a whole, and consistent with the Memorandum entered in this matter,

IT IS ORDERED that the Defendants' Motion to Dismiss is GRANTED IN PART and DENIED IN PART, in that as to the Defendant Commonwealth Federal Savings and Loan Association, the Complaint is dismissed without prejudice; and

That the Defendants' Motion to Dismiss Count II is GRANTED, said action being barred by the applicable Statute; and

That the Defendants' Motion to Dismiss Count I is DENIED except as otherwise provided in this Order; and

That the Trustee is GRANTED additional time to amend the Complaint to include all necessary parties, *but not later than thirty (30) days after the date of this Order.*