In re John A. GRAMBLING,
Jr., Debtor.

Richard D. ZEISLER, Trustee, Plaintiff,

v.

CONNECTICUT BANK & TRUST
COMPANY, Defendant.

Richard D. ZEISLER, Trustee, Plaintiff,

v.

ROGERS, HOGE & HILLS, Defendant.

Bankruptcy No. 5-85-00194.

Adv. Nos. 5-87-0191, 5-87-0168.

United States Bankruptcy Court,
D. Connecticut.

May 24, 1988.

James G. Verrillo, Zeisler & Zeisler, P.C., Bridgeport, Conn., Cathleen M. Halko, Kleban & Samor, P.C., Southport, Conn., for trustee.

Leah Cohen Chainober, Shipman & Goodwin, Hartford, Conn., for defendant Connecticut Bank & Trust Co.

David M. Green, Salomon, Green & Ostrow, P.C., New York City, for defendant Rogers, Hoge & Hills.

MEMORANDUM AND ORDER ON OBJECTIONS UNDER CODE § 546(a)(1) TO MOTION TO AMEND A COMPLAINT

ALAN H. W. SHIFF, Bankruptcy Judge.

The plaintiff, interim trustee,[1] seeks to amend his complaint in each of the above adversary proceedings to add additional causes of action. Both defendants object, asserting that the causes of action are barred by the two year limitation period under Code § 546(a)(1). The dispositive issue here is whether that time bar applies to the appointment of a trustee under *one* of the Code sections designated by 546(a) or the appointment of a trustee under *any one* of those designated sections. For the reasons that follow, I conclude that the limitation applies separately to each appointment of a trustee.

I

There is no dispute as to the following chronology:

April 2, 1985 Involuntary petition filed against John A. Grambling, Jr. seeking relief under chapter 7.

May 13, 1985 Case converted to a case under chapter 11.

December 23, 1985 Order appointing the plaintiff chapter 11 trustee.

February 13, 1986 Order approving trustee's bond.

December 18, 1987 Case converted to chapter 7.

January 7, 1988 Order appointing plaintiff interim chapter 7 trustee.

---

1. Upon conversion of a case to chapter 7, a meeting of creditors is mandated, §§ 341(a), 348(a) and (b), and an interim trustee is appointed, § 701(a)(1). If no other person is elected by the creditors at the meeting held under § 341, the interim trustee serves as the permanent trustee under § 702(d). In this case, a meeting of creditors has not yet been convened.

To that chronology, the following dates are relevant in the respective adversary proceedings:

### Trustee v. Connecticut Bank & Trust

December 1, 1987   Complaint filed to avoid an alleged preferential transfer pursuant to § 547

February 18, 1988   Motion for permission to amend complaint to add a second count alleging a fraudulent transfer under § 548 and a third count alleging an "alter ego" preferential transfer under § 547.

### Trustee v. Rogers, Hoge & Hills ("Rogers")

October 7, 1987   Complaint filed to avoid an alleged preferential transfer pursuant to § 547.

February 11, 1988   Motion for permission to amend complaint as in the CBT action.

## II

Section 546(a) provides:

An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under 702, 1104, 1163, 1302, *or* 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546 (1982 & Supp. IV 1986) (emphasis supplied).

While statutory construction properly starts with the language of the statute, here reference must also be made to § 102(5) which supplies clarity to what would otherwise be ambiguous. Code § 102(5) states that the word "or" is not "exclusive". The legislative history of that subsection provides further amplification:

"Paragraph (5) specifies that "or" is not exclusive. Thus, if a party "may do (a) or (b)," then the party may do either or both. The party is not limited to a mutually exclusive choice between the two alternatives."

H.R.Rep. No. 595, 95th Cong., 1st Sess. 315 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 28 (1978) U.S.Code Cong. & Admin.News 1978, pp. 5787, 5814, 6272. Thus the word "or" in § 546(a)(1) was not used to limit the commencement of actions or proceedings to two years after the appointment of *a trustee,* as the defendants contend, but rather to limit the commencement of actions or proceedings to two years after the appointment of *any trustee.* Had Congress intended the interpretation urged by the defendants, a more precise expression of that intent would have been utilized.

Counsel for Rogers argues that construing § 546(a)(1) to permit a two year limitation period for each appointment of a trustee would reduce the first of the limitation periods to a nullity. While that argument has some merit, it is not persuasive. Just as a chapter 11 trustee has and should have an opportunity after his or her appointment to assess and if appropriate commence actions to avoid transfers, a trustee appointed under a different chapter after conversion should not be denied that opportunity. That logic is not defeated even where, as here, a chapter 11 trustee is reappointed to serve as interim trustee after conversion. In the first place, it does not necessarily follow that the same person would be appointed interim trustee, see § 701(a)(1), or that the interim trustee would survive the trustee election process established under § 702. But more to the point, chapters 7, 11, 12, and 13 are materially dissimilar, and a new trustee must have the right to exercise his or her authority under the converted case.

The court in *In re Afco Development Corp.,* 65 B.R. 781 (Bankr.D.Utah 1986) reached the same conclusion. *Afco* involved an action to avoid a preferential transfer which was timely filed if measured by the appointment of the chapter 7 trustee, but untimely *if* measured by the earlier appointment, prior to conversion, of the chapter 11 trustee. The court explained that "[e]ssentially, the trustee is asking the Court to determine that the words 'a trustee' in § 546(a)(1) mean '*each* trustee,' while the defendant urges the Court to conclude that the words mean '*any* trustee.'"

65 B.R. at 782–83. The court decided in favor of the trustee, holding that "[i]n this Court's view, the language, purpose, and relevant legislative history of Section 546(a) provide each trustee appointed under the enumerated provisions two years within which to commence avoidance actions." *Id,* at 787. In *In re Moody,* 77 B.R. 566, 573–74 (S.D.Tex.1987), the district court reached an identical result on the strength of the "scholarly and well reasoned opinion" in *Afco.*

### III

For the reasons stated herein, the defendants' objections are overruled, the Clerk's office is directed to schedule a pretrial conference in both adversary proceedings, and

IT IS SO ORDERED.