**In re William A. WOOD.**

**In re Dwain WOOD.**

**Robert G. NICHOLS, Jr.,**
**Trustee, Appellant,**

v.

**Joe WOOD, Appellee.**

**Bankruptcy Nos. 8600832JC, 8601071JC.**
**Civ. A. No. J90–0032(B).**

United States District Court,
S.D. Mississippi,
Jackson Division.

April 17, 1990.

Robert G. Nichols, Jr., Jackson, Miss., Trustee.

William H. Leach, Ott & Purdy, Jackson, Miss., for trustee, Nichols.

Ron McAlpin, Jackson, Miss., Asst. U.S. Trustee.

Mary Elizabeth Hall, Jackson, Miss., for Joe Wood.

William R. Barnett, Jackson, Miss., for Wm. & Dwain Wood.

MEMORANDUM OPINION
AND ORDER

BARBOUR, Chief Judge.

This cause is before the Court on Appeal from the decision of the United States Bankruptcy Court for the Southern District of Mississippi dismissing these two adversary proceedings. The Court, having reviewed the record, and having considered the briefs of counsel, is of the opinion that the decision of the court below should be

reversed and the case remanded for further proceedings not inconsistent with this opinion.

## FACTUAL BACKGROUND

The facts of this case are not contested. In the spring or early summer of 1986, the debtors in this matter filed voluntary chapter 7 bankruptcy proceedings. In connection therewith, Charles A. Brewer was appointed trustee in William Wood's case, and the Appellant Robert G. Nichols, Jr., was appointed trustee in Dwain Wood's case.

On October 9, 1986, Credit General Insurance Company ("Credit General") commenced adversary proceedings to preclude the specific discharge of the debtors' obligations to Credit General because of fraud in the inducement under 11 U.S.C. § 523, to preclude the general discharge of the debtors' remaining obligations to other creditors for fraud on the Bankruptcy Court, and to set aside an allegedly fraudulent transfer of equipment. The debtors' father, Appellee Joe Wood, was named as a party defendant for the purpose of avoiding the pre-petition transfer of certain equipment. Joe Wood moved to dismiss the complaint against him on the basis that under the Bankruptcy Code, only a trustee may sue the transferee of an allegedly fraudulent transfer. Since neither trustee was a party to the suit, Credit General voluntarily dismissed its complaint against Joe Wood without prejudice. Nevertheless, Credit General continued to press its claims in the Bankruptcy Court that the transfer was fraudulent and should be avoided.

On February 25, 1988, final judgment was entered in the Credit General litigation granting the plaintiff all the relief requested, including a ruling that the equipment conveyance was fraudulent, avoided and set aside.

In March of 1988, the debtors converted to chapter 13, and Brewer was appointed trustee. Subsequently, Credit General was successful in opposing the conversion and forcing a reconversion to chapter 7. That Motion to reconvert was granted on December 27, 1988, and the Appellant Nichols was appointed interim trustee. At the first meeting of creditors after reconversion held on March 6, 1989, Nichols became permanent trustee pursuant to 11 U.S.C. § 702. An Order of Employment authorizing the Trustee to hire counsel for the purpose of recovering the fraudulently transferred assets was entered April 18, 1989, *nunc pro tunc* to February 3, 1989.

On May 23, 1989, the Trustee filed the complaint in this action against the transferee Joe Wood. Wood filed his Motion to Dismiss on the basis of 11 U.S.C. § 550, which reads:

> (a) Except as otherwise provided in this section, to the extent that a transfer is avoided under sections 544, 545, 547, 548, 549, 553(b), or 724(a) of this title, the trustee may recover, for the benefit of the estate, the property transferred, or, if the court so orders, the value of such property. . . .
>
> . . . .
>
> (e) An action or proceeding under this section may not be commenced after the earlier of—
>
> > (1) one year after the avoidance of the transfer on account of which recovery under this section is sought; or
> >
> > (2) the time the case is closed or dismissed.

## DISCUSSION

 The Appellee argues that since the Bankruptcy Court avoided the transfer in its judgment of February 25, 1988, the one-year statute of limitations of section 550(e) ran out before the Appellant filed his complaint in this cause for the recovery of the avoided assets. The Trustee responded by filing a Motion for leave to file an amended complaint alleging an avoidance action under 11 U.S.C. §§ 548 and 544(b), as well as a recovery action under section 550.[1] The Trustee contends that the transfer has not been avoided because the Bankruptcy Court lacked jurisdiction to order an

---

1. It is the usual practice for trustees to file consolidated actions for avoidance under sections 544, 545, 547, 548, 549, 553(b) or 724(a) and for recovery of the assets under section 550. *See* 4 *Collier on Bankruptcy* ¶ 550.02 n. 5 (15th ed.1989).

avoidance due to the absence of the Trustee as a necessary party in the Credit General suit. Thus, the first issue in this appeal is whether a judgment which avoids a fraudulent transfer is binding upon a bankruptcy trustee for the purpose of establishing the avoidance with reference to the limitations period of section 550(e)(1), where the trustee was not a party to the adversary proceeding in which the judgment was rendered. The Court holds that it is not.

The limitations period of section 550(e) applies to an action or proceeding brought "under this section." Section 550 only applies "to the extent that a transfer is avoided under section[s] 544, 545, 547, 548, 549, 553(b) or 724(a) of this title." It is not clear pursuant to what authority the Bankruptcy Court avoided the transfer, but neither the complaint nor the judgment in the Credit General litigation cited any of the above-listed sections. It is clear, however, that under each of the Code sections listed above, only the Trustee is authorized to bring such an avoidance action. Accordingly, the avoidance in question was not one pursuant to sections 544, 545, 547, 548, 549, 553(b) or 724(a), and the limitation period of section 550(e) is not binding on the Trustee. Section 550(e), by its terms only applies where *the same Trustee* obtains an avoidance and then fails to follow up with a recovery action within one year.[2] Consequently, the limitations period of section 550(e) does not apply to the facts in this case.

The Appellee contends alternatively that any action by the Trustee under sections 544 or 548 is in fact barred by the statute of limitations found in 11 U.S.C. § 546(a), which provides:

An action or proceeding under §[§] 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a Trustee under § 702, 1104, 1163 or 1302 of this title; or

(2) the time the case is closed or dismissed.

The Appellee argues that the time limit began to run when the chapter 7 Trustees were originally appointed on June 16, 1986, and August 11, 1986, respectively. Therefore, according to the Appellee, the statute expired on June 16, 1988, and August 11, 1988—two years after the Trustees' appointments. This argument ignores or belies the fact that in June and August of 1988, at the time when the Appellee claims the statute expired, the debtors were in chapter 13, and the appellant herein was not the trustee and thus was in no position to pursue an action against Joe Wood.

The attempt of the Appellee to attribute to the Trustee the acts of Credit General likewise must fail. The Trustee does not merely assert the rights of a single creditor such as Credit General, but is given broad powers to marshal or increase the potential assets of the bankruptcy estate for the benefit of all creditors. 4 *Collier on Bankruptcy* ¶ 544.01 (15th ed. 1989).

Although the courts are split on the issue, the weight of authority holds that the two-year limitation period commences anew when a chapter 7 trustee is appointed after a conversion from another chapter. *See Zeisler v. Connecticut Bank & Trust Co. (In re Grambling)*, 85 B.R. 675 (Bankr.D. Conn.1988); *Smith v. Moody (In re Moody)*, 77 B.R. 566 (S.D.Tex.1987); *Stuart v. Pingree (In re AFCO Development Corp.)*, 65 B.R. 781 (Bankr.D. Utah 1986); 2 *Collier Bankruptcy Practice Guide* ¶ 37.03[9], at 37–13 (1985). *But see Strell v. Weston (In re Sandra Cotton, Inc.)*, 92 B.R. 595 (W.D.N.Y.1988). Accordingly, the two-year statute began to run in the instant case upon the Appellant's appointment as permanent trustee under chapter 7 on March 6, 1989, and will not expire until March 6, 1991. Therefore, the judgment of the Bankruptcy Court should

---

**2.** Contrary to the urging of the Appellant, the Court does not reach the issue of the propriety or validity of the earlier avoidance by the Bankruptcy Court. The Court only holds that the limitations provisions of section 550(e), or indeed any provision of section 550, were not triggered by the judgment of the Bankruptcy Court, as the avoidance therein was not one under any of the provisions listed in section 550(a).

be reversed and the case remanded for further proceedings.

IT IS THEREFORE ORDERED that the judgment of the United States Bankruptcy Court for the Southern District of Mississippi in the above referenced matter be and hereby is reversed and this case is remanded with instructions to that court to allow the Appellant leave to amend his complaint to allege an action under 11 U.S.C. §§ 554(b) and/or 548 and to conduct further proceedings not inconsistent with this opinion.

SO ORDERED.