**In re SSS ENTERPRISES, INC., Debtor.**

**Philip V. MARTINO, not individually, but as Trustee for the Estate of SSS Enterprises, Inc., Plaintiff,**

**v.**

**ASSCO ASSOCIATES, INC., an Illinois Corporation, and Erica Crohn Minchella, Defendants.**

**Bankruptcy No. 89 B 16246. Adv. No. 92 A 571.**

United States Bankruptcy Court, N.D. Illinois, E.D.

Aug. 21, 1992.

Erica Minchella, pro se.

Steven B. Jackson, Rudnick & Wolfe, Chicago, Ill., for plaintiff/trustee.

## MEMORANDUM, OPINION AND ORDER

ROBERT E. GINSBERG, Bankruptcy Judge.

This matter is before the Court on the motion of the Defendant, Erica Crohn Minchella, to dismiss the Complaint to Avoid Fraudulent Transfer and Recover Property brought by the Plaintiff Philip V. Martino, Trustee for the Estate of SSS Enterprises, Inc., against the Defendant. The Defendant claims that the Complaint is time-barred under Sec. 546(a) of the Bankruptcy Code. For the reasons stated below, the motion to dismiss is denied.

## FACTS

The relevant facts are not in dispute. SSS Enterprises, Inc. (the "Debtor"), filed its petition for relief under Chapter 11 of the United States Bankruptcy Code on September 27, 1989. Pursuant to court order, Jay Weisman was appointed by the U.S. Trustee as the Chapter 11 Trustee on December 29, 1989.[1] For various reasons reorganization under Chapter 11 was not feasible; accordingly, an order granting a motion to convert the Chapter 11 case to a proceeding under Chapter 7 of the Code was granted on April 19, 1990.

On April 19, 1990, Jay Weisman was appointed as the interim Chapter 7 Trustee by the U.S. Trustee. On June 14, 1990, the meeting of creditors required by § 341 of the Bankruptcy Code was conducted and concluded. Since the debtor's creditors chose not to elect a permanent trustee, Weisman automatically became the permanent Chapter 7 trustee in the case upon the termination of the creditors' meeting. *See,* 11 U.S.C. § 702(d).

Philip Martino replaced Weisman as the permanent Chapter 7 trustee on March 25, 1992. Martino filed a Complaint to Avoid Fraudulent Transfer and Recover Property against ASSCO Associates, Inc. and the debtor's attorney, Erica Crohn Minchella on April 28, 1992. The trustee seeks to recover $15,000 the debtor transferred to ASSCO in the year before it filed for Chapter 11 protection, on the grounds that the transfer was a fraudulent conveyance under 11 U.S.C. § 548 in that the debtor was insolvent when the transfers were made and that the debtor did not receive reasonably equivalent value for the transfer. ASSCO paid Minchella $1,282.50 from these funds, and the trustee seeks to recover that amount from Minchella. The debtor made these transfers to ASSCO pursuant to an agreement between the debtor and ASSCO, whereby the debtor would transfer money to ASSCO and ASSCO in turn would transfer these funds to the creditors of the debtor.[2]

Thereafter, Minchella filed the instant motion to dismiss the trustee's complaint as untimely under 546(a).

---

1. The defendant alleges in her facts that Jay Weisman was appointed Chapter 11 trustee on December 27, rather than on December 29. This discrepancy is irrelevant to the analysis of the issue before the court.

2. In effect, ASSCO was an assignee for the benefit of SSS Enterprises's creditors.

## JURISDICTION AND PROCEDURE

The court has jurisdiction over this proceeding under 28 U.S.C. § 1334(b) as a matter arising, inter alia, under 11 U.S.C. § 546. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A) as a matter involving the administration of the estate. The matter is before the court under Local Rule 2.33 of the United States District Court for the Northern District of Illinois, automatically referring bankruptcy cases and proceedings to this court for hearing and determination.

## DISCUSSION

■ Section 546(a) of the Bankruptcy Code provides:

(a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 130 or 1202 of this title; or

(2) the time the case is closed or dismissed.

The focus of the inquiry is Sec. 546(a)(1) and the meaning of the ambiguous phrase "appointment of *a* trustee" under the specific provisions of the Bankruptcy Code. The court must determine whether the phrase restricts the two year limitation period to those years following the appointment of the first trustee appointed under any Chapter of the Bankruptcy Code, or, if a Chapter 11 trustee is appointed, whether subsequent conversion of the case from one under Chapter 11 to one under Chapter 7 gives the newly appointed Chapter 7 trustee an additional two years to pursue actions under § 548 and other avoiding powers listed under § 546(a)(1).

The Seventh Circuit has not determined when the two year limitation period in § 546(a) is deemed to commence. Therefore, this court is not bound by precedent. This court believes that case law and policy considerations point toward granting the permanent Chapter 7 trustee, appointed after conversion of the case from Chapter 11, a new two-year limit in which to pursue actions under § 548.

Courts addressing the issue of whether the limitations period begins to run anew when a case is converted from one chapter to another have virtually uniformly held that upon conversion, the limitation period begins to run anew. In *In re Afco Dev. Corp.*, 65 B.R. 781 (Bankr.D.Utah 1986), the debtor filed for protection under Chapter 11 on March 8, 1982, and a Chapter 11 trustee was appointed on April 20, 1982. The case was converted to a case under Chapter 7 of the Bankruptcy Code, and on July 29, 1983 the Chapter 11 trustee was elected as the permanent Chapter 7 trustee. The Chapter 7 trustee filed a preference complaint against the defendants under § 547 on July 26, 1985.

The defendants filed a motion to dismiss, arguing that the two year limitation period began to run with the trustee's appointment under Chapter 11, and was not extended for an additional two years when he was appointed as the Chapter 7 trustee following conversion of the case. The court disagreed and held that the Chapter 7 trustee had an additional two years to pursue the § 547 action. The court based its decision on historical and policy considerations. First, the court examined the Bankruptcy Act and its amendments, and concluded that under the Act, each trustee had a new two year period in which to act. The court next examined the legislative history of § 546(a), and discovered that there was little legislative history. Thus, the court concluded that Congress must not have intended to change the existing law, because had Congress wished to do so, Congress' intent would be clearly indicated in the legislative history. Second, the court examined policy reasons for the two year limitations period, and concluded that the breadth of the Chapter 7 trustee's duties and the different objectives of Chapters 7, 11, and 13 required that each trustee appointed under a different provision be afforded two years in which to institute avoidance actions. *See also, In re Sandra Cotton, Inc.*, 1989 WL 98851 (W.D.N.Y.); *In re Wood*, 113 B.R. 253 (Bankr.S.D.Miss. 1990); *In re Grambling*, 85 B.R. 675 (Bankr.D.Conn.1988).

On the other hand, the defendant argues that the plain · meaning of the statutory language indicates that the two year limitation period begins to run on the first appointment of a trustee under any Chapter of the Code because the word "a" is used, not "any." As the defendant sees it, the statute of limitations would have expired in late December of 1991, two years after Weisman was appointed Chapter 11 trustee on December 27, 1990. Weisman's appointment was made pursuant to § 1104 of the Bankruptcy Code. The defendant argues that this appointment is one described as "... the appointment of a trustee under section ... 1104 ..." for purposes of applying § 546(a)(1) to the present case.

The defendant relies heavily on *In re Lyons*, 130 B.R. 272 (N.D.Ill.1991) to support her argument. *Lyons* notes that:

"Section 546(a) contains no special provision or exception, but begins running after the appointment of 'a' trustee, not 'each' trustee, or the 'last' trustee ... 546(a) makes no distinction or references to conversion of a case from one chapter to another or the appointment of a successor trustee as triggering a new two year limitations period". *Id.* at 277.

The facts of *Lyons* are readily distinguished from the instant case. In *Lyons* the court was dealing with successor Chapter 7 trustees. The debtor had filed a Chapter 7 petition, and a trustee was appointed. The trustee filed a "No–Asset Report" and was discharged as trustee. Eight months later, a creditor contacted the trustee and alleged that the debtor had fraudulently transferred his beneficial interest in a land trust. Thereafter, the trustee made a motion before the court to vacate the "No–Asset Report" and to have a new interim trustee appointed since he had a conflict of interest. A new interim trustee was appointed. A new first meeting of creditors was conducted, and the interim trustee became the permanent trustee under § 702(d). The new trustee filed an adversary complaint within two years of her appointment but more than two years after the appointment of the original Chapter 7 trustee. Our colleague, Judge Squires held that the successor trustee was not afforded an additional two year period to pursue actions under § 544(b). In reaching the conclusion he did, Judge Squires gave considerable weight to the fact that the case before him had always been a Chapter 7 case and had never been converted to Chapter 7 from any other Chapter. The court in the instant case must deal with a Chapter 7 case that resulted from a failed Chapter 11 case in which a trustee was appointed pursuant to both §§ 1104 and 702.

In fact, the "plain meaning" approach to statutory interpretation supports the trustee's argument. In one respect, the focus of the dispute between the trustee and the defendant boils down to the interpretation of the words "a" and "or" in § 546(a)(1). As the court in *In re Grambling*, 85 B.R. 675 (Bankr.D.Conn.1988), noted, the Code specifies in § 102(5) that the word "or" is not exclusive. *Id.* at 675. The legislative history is more expansive, saying that "... if a party "may do (a) or (b)," then the party may do either or both. The party is not limited to a mutually exclusive choice between the two alternatives." H.R.Rep. No. 595, 95th Cong. 1st Sess. 315 (1977); S.Rep. No. 989, 95th Cong.2d Sess. 28 (1978) cited in *In re Grambling*, 85 B.R. 675 (Bankr.D.Conn.1988). *See also*, § 102(5) (providing that "or" is not exclusive when that word is used under the Bankruptcy Code.) These rules of statutory interpretation lead this court to conclude that § 546(a)(1) provides each trustee appointed under a different chapter of the Code gives rise to a fresh two year period in which to bring actions under § 547, § 548, et al.[3]

This result is logical under the Bankruptcy Code. The Chapter 11 and Chapter 7 trustees may have very different views in deciding whether or not to pursue a potential avoiding power claim. For example, a

---

**3.** Nothing in § 548 suggests a different result when a Chapter 11 case is converted to one under Chapter 7.

Chapter 11 trustee may find it appropriate to not sue a potential preference or fraudulent conveyance defendant in order to induce that potential defendant to continue to fund a reorganization effort. That motivation disappears when the case is converted to one under Chapter 7. *See, In re Afco Dev. Corp.*, 65 B.R. 781 (Bankr.D.Utah 1986).

Minchella also argues that even if a new two year period is provided to the Chapter 7 trustee upon conversion of the case from Chapter 11 to Chapter 7, that two year period should commence immediately upon conversion with the appointment of the interim Chapter 7 trustee, and not with the appointment of the permanent Chapter 7 trustee. Applying this argument to the instant case, Minchella contends that the two year limit expired on April 19, 1992, two years following conversion of the case from Chapter 11 to Chapter 7, and nine days preceding the filing of the Trustee's complaint.

The argument that the two year limit commences with an interim trustee's appointment, finds no support in *Lyons* or any of the other cases on point. In *Lyons*, the court held that the two year limitation period began to run when the permanent trustee was elected at the first meeting of creditors. *Id.* at 276.[4] The plain meaning of § 702(d) inevitably leads to that result.

The defendant's argument is based on the policy consideration that to prolong the litigation by virtue of successive two-year limits would run contrary to the policy underlying statutes of limitation, namely, closing the door finally and unconditionally to litigation. *Anderson v. Yungkau*, 329 U.S. 482, 486, 67 S.Ct. 428, 430–31, 91 L.Ed. 436 (1947). However, there is a stronger countervailing policy of enabling bankruptcy trustees to perform their jobs. If the

court accepted the defendant's analysis, and a trustee was appointed in a Chapter 11 case and that case was converted to one under Chapter 7 more than two years after the initial Chapter 11 trustee was appointed, then the Chapter 7 trustee would, in part, be prevented from carrying out the trustee's duties delineated in § 704 of the Code. *See, In re Grambling*, 85 B.R. 675 (Bankr.D.Conn.1988).

This court believes that the Chapter 7 trustee should not be barred from exercising avoiding powers due to inaction by an earlier Chapter 11 trustee because such an interpretation best meets the Congressional intent of maximizing the Chapter 7 estate for the benefit of all creditors. *See,* H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 379 (1977).

### CONCLUSION

For the reasons discussed above, the defendant's motion to dismiss is denied.

---

4. This court believes that a plain meaning reading of § 546(a) accords with the dicta in *Lyons*. The plain meaning of § 546(a) refers only to the appointment of a trustee under § 702. Weisman was appointed under § 702 on June 14, 1990 when the meeting of creditors concluded without the election of a new Chapter 7 trustee by the creditors. The authority to appoint an interim trustee derives from § 701, not § 702. Section 546(a) under § 702. The absence of any reference to § 701 in § 546(a) necessarily leads to the conclusion that Congress declined to include the time during which the interim trustee administers the bankruptcy estate in the two-year time limitation period found in § 546(a). Therefore, the time limitation period must commence on the date the permanent Chapter 7 trustee was appointed.