In re ROSE WAY, INC., Debtor.

Thomas G. McCUSKEY, Trustee of the Bankruptcy Estate of Rose Way, Inc., Appellant,

v.

FBS LEASING CORPORATION; Textron Financial Corporation; Signal Capital Corporation; Paccar Financial Corp.; Bankers Trust Company; First Bank of Minneapolis; General Electric Credit Corporation; FBS Business Finance Corporation; Central Trailer Services, Ltd.; Greyhound Leasing & Financial Corporation; Bankers Trust Company; Appellees.

Bankruptcy No. 89–1273–C.
Nos. 4–93–cv–10354 to 4–93–cv–10364.

United States District Court,
S.D. Iowa, C.D.

Oct. 19, 1993.

Thomas G. McCuskey, pro se.

John E. Landess, Nyemaster–Goode–McLaughlin–Emery, Des Moines, IA, for FBS Leasing Corp.

Jeffrey P. Taylor, [COR LD NTC] Klinger Robinson McCuskey & Cable, Cedar Rapids, IA, for Thomas G. McCuskey.

Thomas L. Flynn, Des Moines, IA, for Textron Financial Corp., Bankers Trust Co.

Peter S. Cannon, Connolly O'Malley Lillis & Hansen, Des Moines, IA, for Signal Capital Corp.

Mark D. Walz, [COR LD NTC] Davis Hockenberg Wine Brown Koehn & Shors, Des Moines, IA, for Paccar Financial Corp., Cent. Trailer Services, Ltd., Greyhound Financial Corp.

John E. Landess, Nyemaster–Goode–McLaughlin–Emery, Des Moines, IA, Paul J. Scheerer, Minneapolis, MN, for First Bank of Minneapolis, FBS Business Finance Corp.

Gerald J. Newbrough, Nyemaster Goode & McLaughlin, Des Moines, IA, for General Elec. Credit, Sued as General Elec. Credit Corp.

## ORDER

LONGSTAFF, District Judge.

The court has before it the appeals filed in the above-captioned cases. Jurisdiction in this court is proper under 28 U.S.C. § 158(a). Appellant asserts that the bankruptcy court erred when it ruled that the trustee's cause of action was barred by the statute of limitations set out in 11 U.S.C. § 546(a)(1).

## I. BACKGROUND

The bankruptcy court made the following findings of fact:

1. The Debtor filed its Chapter 11 petition in this Court on June 8, 1989.

2. From June 8, 1989 to December 22, 1989, the Debtor served as Debtor–In–Possession pursuant to Bankruptcy Code §§ 1107 and 1108.

3. On December 21, 1989, on motions of the Unsecured Creditors' Committee and the United States Trustee, the Court or-

dered that a Chapter 11 trustee be appointed pursuant to § 1104.

4. On December 22, 1989 the U.S. Trustee appointed and the Court approved and ordered the appointment of Sternco, Inc. as the Chapter 11 trustee.

5. On July 2, 1990, on motions by the U.S. Trustee and the Unsecured Creditors' Committee, the Court ordered the Debtor's case be converted from Chapter 11 to Chapter 7.

6. On July 2, 1990, Thomas G. McCuskey was appointed interim Chapter 7 trustee and on August 15, 1990 at the § 341(a) meeting of creditors, there being no other trustee elected by the creditors, McCuskey's appointment became final and effective.

*McCuskey v. Textron Financial Corp. et. al.,* (In re *Roseway Inc.*), Ch. 7 Case No. 89–01273, Adv. No. 92–92123, slip op. at 2–3 (S.D.Ia. Mar. 8, 1993).[1]

On July 2, 1992, the trustee filed adversary proceedings alleging that pursuant to 11 U.S.C. §§ 547 and 550, he is entitled to void preferential payments made to the defendants-appellees. The bankruptcy court ruled the trustee's actions were barred by the statute of limitations and dismissed all of trustee's actions. McCuskey then filed this appeal.

## II. APPLICABLE LAW

The bankruptcy court's findings of fact are upheld unless clearly erroneous. Bankruptcy Rule 8013; *see also In re Phillips,* 882 F.2d 302 (8th Cir.1989). There is no dispute regarding the bankruptcy court's factual findings, and they are accepted by this court. Legal conclusions of the bankruptcy court, however, are reviewed de novo. *In re Muncrief,* 900 F.2d 1220, 1224 (8th Cir.1990).

A trustee can avoid a preferential transfer within "two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title...." 11 U.S.C. § 546(a)(1). The bankruptcy court "interpret[ed] § 546(a)(1) to provide that the ap-

pointment of any trustee under section 702, 1104, 1163, 1302, or 1202 starts a two-year statue of limitations period for actions limited by § 546." *McCuskey v. Textron Financial Corp.,* (In re *Roseway Inc.*), Ch. 7 Case No. 89–01273, Adv. No. 92–92123, slip op. at 5 (S.D.Ia. Mar. 8, 1993). Based on this reasoning, the bankruptcy court granted defendants' motions and dismissed the adversary proceedings.

Appellees argue and the bankruptcy court found that the statutory language is unambiguous and must be given its plain meaning. *See United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989) (interpreting 11 U.S.C. § 506(b)); *see also Steege v. Lyons, (In re Lyons),* 130 B.R. 272, 278 (Bankr.N.D.Ill. 1991) (limitations period begins to run upon appointment of any trustee appointed under any subsection listed in 546(a)).[2]

Applying the plain meaning of the statute, however, results in two interpretations. Case law and legislative history indicate that the word "or" is not exclusive, but that "if a party 'may do (a) or (b)', then the party may do either or both. The party is not limited to a mutually exclusive choice between the two alternatives." *Martino v. Assco Associates, Inc., (In re SSS Enterprises, Inc.),* 145 B.R. 915, 918 (Bankr.N.D.Ill.1992) (citations omitted). The phrase "appointment of a trustee" can be interpreted as a trustee appointed under each of the subsections listed, or it can mean a trustee appointed under only one of the subsections. After careful consideration, this court finds that the statute is ambiguous.

Having found the statutory language ambiguous, the court now turns to legislative history and public policy to determine the meaning of section 546. This court is not the first to discover that the legislative history of this statute does not illuminate this discussion. *Stuart v. Pingree, (In re Afco),* 65 B.R. 781, 784 (Bankr.D.Utah 1986). On the matter of policy considerations relevant to this issue the roles of a Chapter 11 and a Chapter 7 trustee can be distinguished in that a

---

1. The adversary cases with identical issues but not included in Judge Hill's March 8, 1993 order were dismissed March 24, 1993.

2. The court notes that *Lyons* involved the appointment of successive Chapter 7 trustees.

Chapter 11 trustee may not, among other things, have the same impetus to avoid preferential transfers. *Strell v. Weston, (In re Sandra Cotton, Inc.),* 1989 WL 98851 at 3 (W.D.N.Y.1989) (conversion of Chapter 11 to Chapter 7 changes ultimate objective of proceeding); *Amazing Enterprises v. Jobin, (In re M & L Business Machines, Inc.),* 153 B.R. 308, 311 (Bankr.D.Colo.1993) (trustee's role is different in a Chapter 7 than in Chapter 11); *In re SSS Enterprises, Inc.,* 145 B.R. at 918–19 (Chapter 11 and Chapter 7 trustees may have different views in deciding whether to pursue potential avoiding power claim); *Stuart v. Pingree, (In re Afco),* 65 B.R. 781, 785 (Bankr.D.Utah 1986) ("The purpose of Chapter 11 is the salvage and rehabilitation of a financially distressed business, not necessarily to recover voidable transfers.").

Appellees make two strong policy arguments. First, it is asserted that if the two-year period were allowed to renew each time a trustee were appointed under a separate Chapter, the public policy considerations underlying statutes of limitations would be undermined, "namely, closing the door finally and unconditionally to litigation." *In re SSS,* 145 B.R. at 919. Second, that a trustee who sits on his rights under a Chapter 11 appointment could convert the case to Chapter 7 and reopen his window of opportunity to pursue these claims.

These are important arguments that merit serious consideration. However, the court is persuaded that "there is a stronger countervailing policy of enabling bankruptcy trustees to perform their jobs,. If the court accepted the defendant's analysis, ... the Chapter 7 trustee would, in part, be prevented from carrying out the trustee's duties delineated in § 704 of the Code." *In re SSS,* 145 B.R. at 919; *In re Afco,* 65 B.R. at 785 ("Recipients of preferences and fraudulent conveyances often face many years of uncertainty and potential liability. It is not uncommon for a Chapter 11 case to remain open for many years before it is converted to Chapter 7 and a trustee appointed.").

This court finds that it is the appointment of the Chapter 7 trustee which controls the running of the statute of limitations and the prior appointment of a Chapter 11 trustee

does not affect this time frame. The order of the bankruptcy court dismissing the trustee's claims on statute of limitations grounds will be reversed.

## III. CONCLUSION

Based on the foregoing,

IT IS ORDERED that the Bankruptcy Court's order dismissing the trustee's claims in the above-captioned cases is reversed and that these adversary proceedings are remanded.