In re LURIA STEEL AND TRADING CORPORATION, d/b/a Erman–Howell Division, Debtor.

William B. GRABSCHEID, Trustee, Plaintiff,

v.

DENBO IRON AND METAL, INC.; Denbo Scrap Materials, Inc.; Dixon Iron and Metal, Inc.; Elgin Salvage and Supply, Inc.; Frank Sherman Company, Inc.; Industrial Metal Processing, Inc.; Inland Steel Industries, Inc.; Leroy Iron and Metal, Inc.; Charles Smith, d/b/a Lakeside Trading Company; Mervis Industries, Inc., a/k/a Mervis and Sons; Newman/Allen Enterprises, Inc., f/k/a Sam Allen and Son, Inc.; Modern Drop Forge Company; Northeast Metal Processors, Inc.; Shorty's Truck and Railroad Car Parts, Inc., f/k/a Shorty's Truck Sales, Defendants.

Bankruptcy No. 91 B 9694.
Adv. Nos. 93 A 1249 to 93 A 1262.

United States Bankruptcy Court, N.D. Illinois, E.D.

March 4, 1994.

Mary Ellen Balaguer, Brittain & Ketcham, Carpentersville, IL, for Elgin Salvage and Supply.

Joseph Lucci, Nadler, Nadler & Burdman, Youngstown, OH, for Frank Sherman Co.

Chad Gettleman, Adelman, Gettleman & Merens, Chicago, IL, for Industrial Metal Processing and Northeast Metal Processors.

Louis Hegeman, Gould & Ratner, Chicago, IL, for Inland Steel Industries.

William Connelly, Hinshaw & Culbertson, Chicago, IL, for Leroy Iron & Metal.

James Chatz, Chicago, IL, for Charles Smith.

Michael Eidelman, Mark Rubin, Altheimer & Gray, Chicago, IL, for Mervis Industries and Newman/Allen Enterprises.

Michael Gesas, William King, Jr., Gesas, Pilati & Gesas, Chicago, IL, for Modern Drop Forge.

Richard Reibman, Schwartz, Cooper, Greenberger & Krauss, Chicago, IL, Northeast Metal Processors and Shorty's Truck & R.R. Car Parts.

## MEMORANDUM OPINION

DAVID H. COAR, Bankruptcy Judge.

This matter comes before the Court on motions of fourteen Defendants to dismiss Plaintiff's Adversary Complaints for failure to state a claim upon which relief may be granted pursuant to Bankruptcy Rule 7012(b). The Adversary Complaints seek to recover allegedly preferential payments made to the Defendants pre-petition. This is a core proceeding. 28 U.S.C. § 157(b)(2)(F). Because all of the Defendants' motions raise the common threshold issue of whether the Adversary Complaints are time barred, the motions to dismiss will be consolidated for purposes of brevity.

## FINDINGS OF FACT

The facts in this case are essentially undisputed. The Plaintiff in these adversary proceedings is Mr. William H. Grabscheid ("Grabscheid"), trustee for the Debtor, Luria Steel and Trading Corp., d/b/a Erman–Howell Division ("Luria"). The Defendants are

Ellis Rosenzweig, Charles Schulman, Sachnoff & Weaver, Chicago, IL, for William Grabscheid, Trustee.

William Shinn, Harris Caddell & Shanks, Decatur, AL, for Denbo Iron and Metal.

Janet Henderson, Brad Erens, Sidley & Austin, Chicago, IL, for Denbo Scrap Materials.

Stephen Bobo, David Newby, D'Ancona & Pflaum, Chicago, IL, for Dixon Iron & Metal and Mervis Indus.

all creditors of Luria: Denbo Iron & Metal Co., Inc. (No. 93 A 1249), Denbo Scrap Materials, Inc. (No. 93 A 1250), Dixon Iron & Metal Inc. (No. 93 A 1251), Elgin Salvage & Supply Co., Inc. (No. 93 A 1252), Frank Sherman Co. ("Sherman") (No. 93 A 1253), Industrial Metal Processing, Inc. (No. 93 A 1254), Inland Steel Industries, Inc. ("Inland") (No. 93 A 1255), Leroy Iron & Metal Inc. ("Leroy") (No. 93 A 1256), Charles Smith, d/b/a Lakeside Trading Co. ("Smith") (No. 93 A 1257), Mervis Industries, Inc. (No. 93 A 1258), Newman/Allen Enterprises, Inc. f/k/a Sam Allen & Son, Inc. (No. 93 A 1259), Modern Drop Forge, Inc. ("Modern") (No. 93 A 1260), Northeast Metal Processors, Inc. (No. 93 A 1261), and Shorty's Truck & Railroad Car Parts, Inc., f/k/a Shorty's Truck Sales ("Shorty's") (No. 93 A 1262).

Luria filed a voluntary petition for relief under Chapter 11 of the Code on May 3, 1991. A liquidating plan was contemplated at that time. Subsequently, on August 28, 1991, Grabscheid was appointed chapter 11 trustee. The case was converted to a chapter 7 proceeding on October 9, 1991 and Grabscheid was appointed as chapter 7 trustee. On September 29, 1993, Grabscheid commenced adversary proceedings against fourteen creditors to recover payments made by Luria within the ninety days prior to its chapter 11 petition pursuant to 11 U.S.C. §§ 547(b) and 550(a). The Defendants now move to dismiss these Adversary Complaints, maintaining that Grabscheid has failed to bring the preference claims within the two year limitations period set forth in § 546(a)(1) of the Code.[1]

### CONCLUSIONS OF LAW

■ Statute of limitations defenses may properly be raised in either a responsive pleading or a motion to dismiss. *Leaesma v.*

*Jack Stewart Produce, Inc.*, 816 F.2d 482, 484, n. 1 (9th Cir.1987). A complaint should be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). When evaluating a motion to dismiss, the Court must assume that all of the factual allegations in the pleadings are true, and must construe the pleadings and all reasonable inferences which derive therefrom in favor of the non-moving party. *Prince v. Rescorp Realty*, 940 F.2d 1104, 1106 (7th Cir.1991).

■ The dispositive issue in this case is at what time the two year statute of limitations of 11 U.S.C. § 546(a) begins to run.[2] If the limitations period is computed from the date that Grabscheid was appointed chapter 11 trustee, the Adversary Complaints are time barred. However, if the statute of limitations began anew when Grabscheid was appointed chapter 7 trustee, the complaints are timely. The Seventh Circuit has not yet addressed this question, and the decisions arising out of this district are split.

In a recent case, Judge Squires concluded that once the § 546 limitations period begins to run, all later appointed trustees are bound by its two year time bar. *In re Lyons*, 130 B.R. 272 (Bankr.N.D.Ill.1991). In *Lyons*, an interim chapter 7 trustee filed a No–Asset Report after the meeting of creditors. The court approved the report and discharged the trustee. Several months later, a new chapter 7 trustee was appointed. The new trustee sought recovery of allegedly voidable transfers. The complaint was filed within two years of the second trustee's appointment, but more than two years after the appointment of the initial trustee. Judge Squires

---

1. Defendants Sherman, Leroy, Modern and Shorty's did not file separate motions to dismiss. Instead, they asserted the § 546(a)(1) statute of limitations as an affirmative defense warranting dismissal of their respective Adversary Complaints. Defendant Inland did not raise the statute of limitations as an affirmative defense, and Defendant Smith failed to respond in any manner to the Adversary Complaint. For the sake of clarity, all of the Defendants will be treated as if they filed motions to dismiss in their respective

adversary proceedings for failure to state a claim upon which relief may be granted.

2. § 546(a)(1) provides:

an action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title.

dismissed the complaint, holding that according to the plain meaning of the statute, there is only one limitations period under § 546 which binds all trustees who serve in the case. *Id.* at 276–77. Other courts have reached a similar conclusion. *See, e.g., In re San Joaquin Roast Beef,* 7 F.3d 1413, 1415 (9th Cir.1993); *In re Ollada,* 114 B.R. 654, 656 (Bankr.E.D.Mo.1990); *In re Chequers, Ltd.,* 59 B.R. 177, 178 (Bankr.W.D.Pa.1986).[3]

The Defendants urge the Court to adopt this view. They maintain that the plain meaning of a statute is conclusive when it is unambiguous and the literal application of the statute will not produce a result demonstrably at odds with the intent of the drafters. *United States v. Ron Pair Enters., Inc.,* 489 U.S. 235, 243, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290 (1989). Reading § 546 to mean that the statute begins to run at the appointment of *a* trustee rather than *each* or *the last* trustee is consistent with the statutory text, the legislative history, and the policy of preventing parties from bringing overly stale claims. *United States v. Kubrick,* 444 U.S. 111, 117, 100 S.Ct. 352, 356–57, 62 L.Ed.2d 259 (1979); *San Joaquin Roast Beef,* 7 F.3d at 1415–16; *Lyons,* 130 B.R. at 277.

This policy of protecting creditors from defending against stale claims has considerable force in the context of preferences where there is no wrongdoing on the part of the creditor receiving payment. But for the intervening bankruptcy, there would be no reason to challenge the propriety of the payment. Further, "[i]n complex and protracted cases the two-year limitation could be effectively massaged so that a creditor successfully passing the scrutiny of one trustee would repeatedly be forced to go through the same gauntlet. This is not what the statute intends." *In re Missouri Sand & Gravel, Inc.,* 88 B.R. 1006, 1012 (Bankr.D.N.D.1988) (holding that successor trustees in chapter 7 cases are bound by the inaction of preceding chapter 7 trustees).

However, some courts have held that when a case is converted from one chapter of the Code to another, the § 546(a) limitations period begins to run anew. *See, e.g., In re SSS Enters., Inc.,* 145 B.R. 915 (Bankr.N.D.Ill. 1992). In finding that the chapter 7 trustee is entitled to a fresh limitations period, Judge Ginsberg focused on the disjunctive language of § 546(a)(1)—a preference action may not be commenced after the earlier of two years after the appointment of a trustee under section 702, 1104, 1163, 1302, *or* 1202. *Id.* at 918. The *SSS Enters.* court focused upon the distinction between the goals of chapter 7 and chapter 11. In a chapter 11 reorganization, the trustee may be reluctant to vigorously pursue potential preference defendants in order to induce those creditors to cooperate in the reorganization efforts. *Id.* at 918–19. *See also In re Rose Way, Inc.,* 160 B.R. 811, 812–13 (S.D.Iowa 1993). Because the methods and priorities employed to maximize benefit to the estate differs depending on the chapter of the Code in question, Judge Ginsberg concluded that chapter 7 trustees should be given a fresh limitations period to recover property of the estate. *Lyons* was therefore distinguished on the grounds that it involved two successive chapter 7 trustees (who had identical duties with regard to the estate), so that the competing policy considerations of liquidation and reorganization were not called into play.

■ To be sure, a chapter 11 trustee may have different incentives than the trustee in a chapter 7 case. However, the purpose of the limitations period for recovery of preferential transfers is to provide finality for creditors who have received payments from the debtor. *Cf. Kubrick,* 444 U.S. at 117, 100

---

3. The Third Circuit recently joined the Ninth and Tenth Circuits in holding that the two year limitations period of § 546(a)(1) applies to debtors-in-possession as well as trustees. *In re Coastal Group Inc.,* 13 F.3d 81 (3d Cir.1994). *See also In re Softwaire Centre Int'l, Inc.,* 994 F.2d 682, 683 (9th Cir.1993); *Zilkha Energy Co. v. Leighton,* 920 F.2d 1520, 1523–24 (10th Cir.1990). The *Coastal Group* court noted that a chapter 11 trustee has the same duties to fashion a plan of reorganization as the debtor-in-possession. Thus application of the two year limitations period of § 546 would complement the debtor's duty to negotiate with creditors in good faith in order to maximize the recovery of assets for the estate. *Coastal Group,* 13 F.3d at 85–86. Because Grabscheid's complaint is time barred if the limitations period is computed from the date of his appointment as chapter 11 trustee, the Court need not decide whether the limitations period commenced earlier (when Luria became a debtor-in-possession).

S.Ct. at 356–57; *In re Korvettes, Inc.*, 42 B.R. 217, 221 (Bankr.S.D.N.Y.1984), *rev'd on other grounds*, 67 B.R. 730 (S.D.N.Y.1986). The focus of statutes of limitations is therefore to protect defendants, not to provide a clean slate for new trustees. A chapter 11 trustee who sits on his rights should not be permitted to convert the case to chapter 7 to reopen his window of opportunity to pursue stale preference actions. *Cf. Rose Way*, 160 B.R. at 813; Michael B. Kaplan, *Starting the Clock on Trustee's Avoidance Powers*, 2 J.Bankr.L. & Prac. 333, 336–37 (1993). This argument has particular force in the instant case where a liquidating plan had been contemplated from the original filing date and the same trustee remained in place after conversion.

After careful analysis, this Court finds the arguments in favor of a single limitations period to be more persuasive. Accordingly, the reasoning of our colleague, Judge Ginsberg, and the other courts adopting the "new trustee, new two years" approach is respectfully rejected.

### CONCLUSION

In sum, the Court concludes that the limitations period of § 546(a)(1) expires two years after the first trustee is appointed, regardless of whether the case is later converted to a proceeding under a different chapter of the Code. Because Grabscheid's complaints to recover preferences were filed more than two years after he was appointed as chapter 11 trustee, the claims are time barred. Accordingly, the Defendants' motions to dismiss the Adversary Complaints are granted and the Adversary Complaints shall be dismissed with prejudice.