**In re M & L BUSINESS MACHINE COMPANY, INC., Debtor.**

**Christine L. JOBIN, Trustee of the Estate of M & L Business Machine Co., Inc., Plaintiff/Appellee,**

v.

**Vincent BORYLA, Trustee of the Eagle Trace Employee Pension Plan, Eagle Trace Employee Pension Plan and Fernanco or F. Vizcarra, Defendants/Appellants.**

**Civ. A. Nos. 94–K–441, 94–K–714.**

United States District Court,
D. Colorado.

Aug. 30, 1994.

Christine J. Jobin, Trustee, Denver, CO.

Dana Arvin, Denver, CO, for plaintiff/appellee.

Edwin G. Perlmutter, Mark A. Redmiles, Berenbaum & Weinshienk, Denver, CO, for defendants/appellants Vincent Boryla and Eagle Trace Employee Pension Plan.

Bruce Anderson, Kenneth W. Kossoff, Stettner, Miller & Cohn, Denver, CO, for defendant/appellant Fernanco Vizcarra.

### MEMORANDUM DECISION ON APPEAL

KANE, Senior District Judge.

Having examined the briefs and authorities, I determine that oral argument would not substantially assist in reaching a decision in this appeal and therefore decide it on the briefs.

This is a consolidated appeal from interlocutory judgments issued by the Bankruptcy Court on February 7, 1994 and March 16, 1994 (as amended March 29, 1994) denying similar motions to dismiss filed by Appellants, Vincent Boryla as Trustee for the Eagle Trace Employee Pension Plan ("Plan Trustee"), the Eagle Trace Employee Pension Plan ("Pension Plan") and Freda Vizcarra (erroneously sued as "Fernando or F. Vizcarra"). Appellants maintain trustee Christine J. Jobin's claims against them are barred because she filed an amended complaint adding the Plan Trustee and Pension Plan as defendants and filed a complaint against Vizcarra outside of the applicable statute of limitations period set forth in 11 U.S.C. § 546. Appellants argue the two year statute ran from Jobin's appointment under Chapter 11. Jobin counters the applicable period began to run anew upon her appointment as Chapter 7 trustee. I have appellate jurisdiction over this matter pursuant to 28 U.S.C. §§ 158(a) and 1334. I affirm.

## I. *Background.*

On December 18, 1990, Christine J. Jobin was appointed the Chapter 11 trustee of M & L Business Machine Co., Inc. ("M & L"), Case No. 90–15491 CEM. On September 26, 1991, the case was converted to one under Chapter 7 of the Bankruptcy Code. On October 1, 1991, Jobin was appointed the Chapter 7 trustee of the estate of M & L.

On September 24, 1992, Jobin filed a complaint against Vincent Boryla and Robert Joseph for recovery of transfers pursuant to 11 U.S.C. §§ 547, 548 and 549 under adversary proceeding 92–2161 RJB. On September 24, 1993, Jobin moved for leave to amend her complaint to make claims for additional transfers, to add the Pension Plan as an additional party and to name Boryla in his capacity as trustee for the Pension Plan. On September 27, 1993, I granted Jobin's motion and deemed the second amended complaint filed *nunc pro tunc,* September 24, 1993. Thereafter, I denied a motion for reconsideration and overruled Boryla's objection to Jo-

bin's motion for leave to amend the complaint. On December 17, 1993, Boryla, as Plan Trustee and the Pension Plan filed a motion to dismiss with the bankruptcy court asserting the claims against them were barred under § 546(a) of the Bankruptcy Code because they were filed more than two years after Jobin was appointed Chapter 11 trustee. On February 7, 1994, following oral argument, the bankruptcy court denied the motion to dismiss. On February 17, 1994, Boryla, as Plan Trustee, and the Pension Plan filed a motion before this court for leave to appeal the order denying the motion to dismiss and simultaneously filed a notice of appeal.

On September 24, 1993, Jobin commenced action against Vizcarra for recovery of transfers pursuant to 11 U.S.C. §§ 547 and 548 under adversary proceeding 90–1718 SBB. On December 13, 1993, Vizcarra filed a motion to dismiss with the bankruptcy court asserting, *inter alia,* that the claims against her were barred under § 546(a) of the Bankruptcy Code because Jobin filed the complaint more than two years after she was first appointed trustee. On March 16, 1994, after hearing oral argument, the bankruptcy court denied the motion to dismiss.[1] On March 29, 1994, I granted Vizcarra's motion for leave to appeal and to consolidate her appeal with adversary proceeding 92–2161 RJB.

## II. *Standard of Appellate Review.*

■ The issue presented in this appeal is one of law. Accordingly, the standard of review is *de novo. Clark v. Security Pacific Business Credit, Inc. (In re Wes Dor, Inc.),* 996 F.2d 237, 241 (10th Cir.1993).

## III. *Merits.*

■ Appellants contend Jobin's claims against them are barred by the two year statute of limitations contained in 11 U.S.C. § 546(a)(1). Section 546 pertinently provides:

1. On March 29, 1994, the bankruptcy court amended its order, again denying the motion to dismiss but finding that the order involved a controlling issue of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the termination of the litigation.

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

11 U.S.C. § 546.

Appellants argue the two year statute began to run from Jobin's appointment on December 18, 1990 under Chapter 11. Jobin urges the statute began anew from her appointment under Chapter 7 on October 1, 1991.

In *Amazing Enterprises v. Jobin (In re M & L)*, 153 B.R. 308, 310–311 (D.Colo.1993), I acknowledged "[c]ourts are split on this issue" but followed the majority in holding, since the trustee's role in a Chapter 7 case differs from that in a Chapter 11 case, a fresh statute of limitations period started on the latest date the trustee was appointed. *See, e.g., Martino v. Assco Assocs., Inc. (In re SSS Enters., Inc.)*, 145 B.R. 915, 917–19 (Bankr.N.D.Ill.1992) ("Courts addressing the issue of whether the limitations period begins to run anew when a case is converted from one chapter to another have virtually uniformly held that upon conversion, the limitations period begins to run anew."); *Zeisler v. Connecticut Bank & Trust Co. (In re Grambling)*, 85 B.R. 675, 676–77 (Bankr.D.Conn. 1988) ("the word 'or' in § 546(a)(1) was not used to limit the commencement of actions ... to two years after the appointment of a trustee ... but rather to limit the commencement of actions ... to two years after the appointment of any trustee"); *Stuart v. Pingree (In re AFCO Dev. Corp.)*, 65 B.R. 781 786 (Bankr.D.Utah 1986) (trustee has two years from date of his second appointment within which to commence preference action). *But see Steege v. Lyons (In re Lyons)*, 130 B.R. 272, 276–77 (Bankr.N.D.Ill. 1991) (successor Chapter 7 trustee not afforded a new two years within which to sue).

Following my decision in *Amazing Enterprises*, the Ninth Circuit addressed the issue in *Ford v. Union Bank (In re San Joaquin Roast Beef)*, 7 F.3d 1413, 1415–16 (9th Cir. 1993). There the trustee argued § 546(a)'s two-year statute of limitations ran anew after the conversion of the case from a Chapter 11 to a Chapter 7 bankruptcy proceeding. The court disagreed, finding "the most logical interpretation of section 546(a) is that the statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same statute of limitations." *Id.* at 1415.

The Ninth Circuit acknowledged the trustee's argument that the statute should begin to run afresh because "trustees appointed under different chapters of the bankruptcy code have different objectives," *id.*, had "some appeal," *id.*, but concluded "a plain reading of section 546(a) is that the two-year statute of limitations begins running from the date the first trustee is appointed and that all subsequent trustees are subject to the same two-year statute of limitations." *Id.* at 1416. Accordingly, it held that conversion of a case does not restart the limitations period. *Id.*

Courts have varied in their deference to *San Joaquin*. *See, e.g., Grabscheid v. Denbo Iron & Metal, Inc. (In re Luria Steel & Trading Corp.)*, 164 B.R. 293, 297 (Bankr. N.D.Ill.1994) (no new two year period when trustee appointed under Chapter 7 after conversion from Chapter 11); *Dumas v. Research Testing Lab., Inc. (In re EPI Prods. USA, Inc.)*, 162 B.R. 1, 4–5 (Bankr.C.D.Cal. 1993) (two year period commenced on filing of original Chapter 11 petition and not on later appointment of Chapter 7 trustee). *But see Hovis v. United Screen Printers, Inc. (In re Elkay Indus., Inc.)*, 167 B.R. 404, 407–09 (D.S.C.1994) (after conversion, former Chapter 11 trustee had new two year period following appointment under Chapter 7).

Apart from my decision in *Amazing Enterprises*, appellate decisions by district courts in two other circuits have adopted the "new trustee, new two years" approach. *McCuskey v. FBS Leasing Corp. (In re Rose Way, Inc.)*, 160 B.R. 811, 813 (S.D.Iowa 1993) ("the appointment of the Chapter 7 trustee ... controls the running of the statute of limitations and the prior appointment of a Chapter 11 trustee does not affect this time frame"); *Nichols v. Wood (In re Wood)*, 113 B.R. 253, 255 (S.D.Miss.1990) (two year statute of limi-

tations avoiding fraudulent transfers begins to run anew from the appointment of Chapter 7 trustee after conversion of case from Chapter 13).

I disagree with the Ninth Circuit's finding in *In re San Joaquin* that "a plain reading" of § 546(a)(1) is that the two year period runs from the appointment of the first trustee. Several courts have reached the contrary conclusion and found the word "or" in § 546(a)(1) was not exclusive but was used to limit the commencement of actions to two years after the appointment of any trustee. *See, e.g., In re Grambling*, 85 B.R. at 676; *In re SSS Enters., Inc.*, 145 B.R. at 918.[2]

Since I find the text of § 546(a)(1) ambiguous, I look to the legislative history of the section. This proves equally unhelpful. The Senate Report which accompanied the reform bill states merely the subsection "adds a statute of limitations to the use by the trustee of the avoiding powers. The limitation is two years after his appointment, or the time the case is closed or dismissed, whichever occurs later." *In re AFCO Dev. Corp.*, 65 B.R. at 784 (quoting S.Rep. No. 95–989, 95th Cong., 2d Sess. 87 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5787, 5873). In *In re AFCO*, the court reasoned that the absence of any significant legislative history indicated Congress did not intend to change the existing law on the issue. *Id.* at 785. That law enabled a trustee to bring an action to avoid a preference even though the original bankruptcy case had been pending for more than two years. *Id.* at 784. At minimum, the legislative history does not support the *In re San Joaquin* interpretation of § 546(a)(1).

In the final analysis, I am confronted with opposing policy considerations. Those courts which favor a renewed two-year period emphasize the differences between the roles and objectives of trustees under Chapter 11 and Chapter 7. *See, e.g., Amazing Enterprises*, 153 B.R. at 311 ("Since the trustee's role is different in a Chapter 7 than in a Chapter 11 case, I . . . hold that the statute of limitations

has not expired"); *In re SSS Enters., Inc.*, 145 B.R. at 918–19 (Chapter 11 and Chapter 7 trustees have different views and motives in deciding whether or not to pursue an avoidance action); *In re AFCO*, 65 B.R. at 786 ("The essentially different objectives of Chapters 7, 11, and 13 support the view that a later trustee should not be barred from exercising avoidance powers due to inaction by an earlier trustee").

Courts not favoring renewal of the two-year period rely on an opposing policy consideration, that statutes of limitations provide potential defendants with certainty that after a definite time period claims against them will be barred and prevent plaintiffs from being dilatory in pursuing their rights. *See, e.g., In re San Joaquin*, 7 F.3d at 1415 ("This result makes sense given the policy that underlies all statutes of limitations: prevention of the bringing of overtly stale claims"); *In re Luria Steel*, 164 B.R. at 296 ("the purpose of the limitations period for recovery of preferential transfers is to provide finality for creditors who have received payments from the debtor").

The Ninth Circuit in *In re San Joaquin* avoided weighing the opposing policy considerations by concluding that "a plain reading of section 546(a)" precludes a renewed statutory period upon the appointment of a new trustee. *Id.*, at 1416. To the contrary, the recent decision of *In re Elkay Industries, Inc.*, confronted the conflict and found "that in the bankruptcy setting, the more important policy consideration is allowing post-conversion trustees a full two-year period in which to pursue avoidance actions." 167 B.R. at 409. I agree.

### IV. *Conclusion.*

For the aforesaid reasons, I conclude where a Chapter 11 trustee has been appointed but, after conversion, the trustee is appointed under Chapter 7, the two-year period under § 546(a)(1) begins to run anew

---

**2.** Appellants reliance on *Zilkha Energy Co. v. Leighton*, 920 F.2d 1520 (10th Cir.1990) and its progeny is misplaced. In *Zilkha*, the issue was whether a debtor-in-possession is subject to the same two year statute of limitations under § 546(a) as an appointed trustee. *Id.* at 1524.

The court answered in the affirmative but took "no position on whether a subsequent appointment of a trustee in a chapter 11 case would change the analysis. . . . we leave the issue for a case in which that situation arises." *Id.* n. 11.

from the date of the later appointment. I therefore affirm.