**In re CHEQUERS, LTD., a Pennsylvania corporation, Debtor.**

**Lawrence RAVICK, Trustee, Plaintiff,**

**v.**

**MELLON BANK, N.A., f/k/a Girard Bank of Delaware and Charles Glen Dugdale, Defendants.**

**Bankruptcy No. 82–2741.
Adv. No. 85–0426.**

United States Bankruptcy Court,
W.D. Pennsylvania.

March 26, 1986.

Mary Anne McKeen, Lampl, Sable, Makoroff & Libenson, Pittsburgh, Pa., for trustee.

Lawrence Ravick, McCready, Kreimer, Ravick & Bonistalli, Pittsburgh, Pa., trustee.

David B. Salzman, Campbell & Levine, Pittsburgh, Pa., for Charles Glen Dugdale, defendant.

Reed J. Davis, Thomas E. Reilly, Davis Reilly, Pittsburgh, Pa., for Mellon Bank, defendant.

## MEMORANDUM OPINION
## AND ORDER

JOSEPH L. COSETTI, Bankruptcy Judge.

Defendant Mellon Bank has filed a Motion for Judgment on the Pleadings raising the statute of limitations contained in 11 U.S.C. § 546(a)(1). Defendant Charles Glen Dugdale filed a similar Motion to Dismiss raising the two-year statute.

The statute 11 U.S.C. § 546 Limitations on avoiding powers recites:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, or 1302 of this title; . . . .

■ The docket of this case reports that on August 10, 1983 Hillard Kreimer was appointed interim Trustee. Although the Chapter 11 11 U.S.C. § 341 meeting occurred on October 25, 1982, the Chapter 7 11 U.S.C. § 341 meeting following conversion occurred on August 31, 1983. The Defendants by their Motions allege that the Trustee was appointed on August 3, 1983 and they rely on this appointment date for their Motions to Dismiss. That appears to be an error. The Plaintiff relies on the March 20, 1984 as the appropriate date. This is in error also. Upon the death of Hillard Kreimer, Lawrence Ravick was appointed Successor Trustee on March 20, 1984. The appointment of a Successor Trustee is not the appropriate date.

This instant Complaint was filed on August 29, 1985.

Section 546 causes the statute to run from the appointment of the Trustee under § 702. Section 702 permits the election of a Trustee. If the interim Trustee is not replaced by election of another Trustee, the interim Trustee becomes the Trustee, 11 U.S.C. § 702(d):

(d) If a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case.

■ This Court holds that the two-year statute of 11 U.S.C. § 546(a)(1) runs from the § 341 meeting in which the creditors have an opportunity to elect the Chapter 7 Trustee. That occurs at 11 U.S.C. § 702. The appointment of the Successor Trustee, 11 U.S.C. § 703, does not extend the statute. In this case the successor Trustee did not seek an extension for cause before the statute expired.

■ However, this Complaint was filed on August 27, 1985, and it appears to the Court that this would provide one day before the statute would have expired.

The Court believes that the Chapter 7 11 U.S.C. § 341 meeting occured on August 31, 1983; the movants believe that occurred

on August 3, 1983 when the Trustee was appointed.

Accordingly, the Motions to Dismiss because of the two-year statute are dismissed.

It is so Ordered.