**In the Matter of SURF & SAND CONSTRUCTION, INC., Debtor.**

**Stephen W. SPENCE, Trustee in Liquidation for Surf & Sand Construction, Inc., Plaintiff,**

**v.**

**Michael J. PANCO, Jr., Michael J. Panco, Sr., and Anne Panco, his wife, Defendants.**

**Bankruptcy No. 87–507.
Adv. No. 89–115.**

United States Bankruptcy Court, D. Delaware.

March 17, 1992.

Doreen H. Becker, Wilmington, Del., for plaintiff.

Benjamin F. Shaw, III, Georgetown, Del., for defendants.

## MEMORANDUM OPINION AND ORDER

HELEN S. BALICK, Bankruptcy Judge.

One of three defendants in this action to recover estate property has filed a motion to dismiss the Trustee's amended complaint as time-barred by the Bankruptcy Code's statute of limitations. 11 U.S.C. § 546(a). Because the court finds that the amended complaint relates back to the filing date of the original complaint, the Defendant's motion is denied. Fed.R.Civ.P. 15(c); Bankr.R. 7015.

### I. *Background*

On November 25, 1987, Surf & Sand Construction, Inc. filed a voluntary Chapter 7 petition. Vivian A. Houghton was appointed interim trustee December 18, 1987. She attended the February 11, 1988, section 341(a) creditors meeting at which the creditors failed to elect a trustee. She subsequently resigned and Stephen W. Spence was appointed substitute trustee on June 7, 1988. The case remains open.

The Trustee eventually brought an adversary action against three corporate insiders under sections 543, 547 and 548. The complaint, filed December 18, 1989, named three defendants: Michael J. Panco, Jr., Michael J. Panco, Sr. and "his wife" Susan Panco. Mr. and Mrs. Panco, Sr. were individually served by mail at their home in South Bethany, Delaware. The summons and complaint were received January 4, 1990.

The defendants filed a joint answer stating, *inter alia* "Susan Panco is not the wife of Michael Panco, Jr." Defendants' Answer, ¶ 5 (Feb. 6, 1990). The Trustee responded with an interrogatory requesting "the name and address of Defendant, Michael Panco, Sr.'s wife." Defendants replied: "Defendant objects to this interrogatory on the grounds that Michael Panco's wife is not a party to this litigation, and had no involvement in this case." It took a motion to compel a response and a teleconference with this court to reveal the name of Mrs. Panco, Sr.: Anne Panco.

The Trustee immediately moved to file an amended complaint substituting "Anne" for "Susan". His motion, which was unopposed, was granted June 6, 1991. Anne Panco's motion to dismiss followed.

### II. *Analysis*

The issue raised in this motion to dismiss is whether the Trustee's amended complaint relates back to the filing date of the original complaint. Since the amended complaint was filed after the limitations period expired, it is time-barred unless it relates back to the filing date of the original complaint. The parties differ on what law controls relation back, when the statute of limitations actually ran and whether Anne Panco should have known that the action had been brought against her as the third defendant.

Fed.R.Civ.P. 15(c), made applicable to adversary actions through Bankr.R. 7015, governs the relation back of amended pleadings to prior filings with the court. Defendant cites several Delaware Supreme Court opinions construing Delaware's ver-

sion of Fed.R.Civ.P. 15(c). While Delaware caselaw may be helpful, it is not controlling in this instance.

▌ When the parties are in federal court on a federal question, the federal statute of limitations controls, if there is one. *See Board of Regents v. Tomanio,* 446 U.S. 478, 483–84, 100 S.Ct. 1790, 1795, 64 L.Ed.2d 440 (1980). *If* there are gaps in the federal legislation *then* the court may borrow a limitations period from state law. *Id.* The deference due state law when federal jurisdiction is based on diversity of citizenship is not appropriate when the subject of litigation is federal law. *West v. Conrail,* 481 U.S. 35, 39 n. 4, 107 S.Ct. 1538, 1541 n. 4, 95 L.Ed.2d 32 (1987). Therefore, federal interpretations of Fed. R.Civ.P. 15(c) control.

Fed.R.Civ.P. 15(c) provides:

(c) Relation Back of Amendments. [Effective until Dec. 1, 1991. See, also, subd. (c) below.] Whenever the claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading, the amendment relates back to the date of the original pleading. An amendment changing the party against whom a claim is asserted relates back if the foregoing provision is satisfied and, within the period provided by law for commencing the action against the party to be brought in by amendment that party (1) has received such notice of the institution of the action that the party will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against the party.

The Supreme Court paraphrased the four-part test in *Schiavone v. Fortune* [1]:

(1) the basic claim must have arisen out of the conduct set forth in the original pleading; (2) the party to be brought in must have received such notice that it will not be prejudiced in maintaining its defense; (3) that party must or should have known that, but for a mistake concerning identity, the action would have been brought against it; and (4) the second and third requirement must have been fulfilled within the prescribed limitations period.

477 U.S. 21, 29, 106 S.Ct. 2379, 2384, 91 L.Ed.2d 18 (1986); *see also Bechtel v. Robinson,* 886 F.2d 644, 651 (3d Cir.1989). *Cf. Dandrea v. Malsbary Mfg. Co.,* 839 F.2d 163, 166 (3d Cir.1988) (distinguishing between changing the party and correcting a misnomer, with the latter not subject to *Schiavone* analysis).

▌ The first requirement is easily met: the original complaint and amended complaint are identical in all respects except for the first name of Mrs. Panco, Sr. so the claims and conduct are identical.

▌ The second requirement ensures that the "party to be brought in" has not been prejudiced by the late filing. The prejudice cannot be simply that before she was not named in a lawsuit and now she is; the prejudice must relate to a delayed defense. As mentioned, a single attorney has represented all three defendants from the beginning. The charges against Mr. and Mrs. Panco, Sr. are identical and Mr. Panco, Sr.'s defense has been planned from the service of the original complaint. Therefore, an investigation of defense strategies appropriate to Mrs. Panco, Sr. probably already exists.

The third requirement, that Mrs. Panco, Sr. knew or should have known that but for a mistake in identity the action would have been brought against her, is satisfied on these facts. First, there was the service by mail to her home of identical complaints and summonses—one to Mr. Michael J. Panco, Sr., and one to "Susan" Panco. Also, the female defendant's name on the complaint was modified by "his wife" after Mr. Panco, Sr. The combination of the arrival of two complaints at the home of Mr. and Mrs. Panco, Sr. and the appellation

---

**1.** It is worth noting that *Schiavone* is no longer good law. Effective December 1, 1991 Fed. R.Civ.P. 15(c) has been amended to change the result of *Schiavone.* Fed.R.Civ.P. 15(c) advisory committee's note (1991 Amendment).

"his wife" on the complaint should have led Mrs. Panco to believe that someone had the wrong first name for her and but for that mistake "Anne Panco, his wife" would have been named on the complaint.

Second, there are the coy and feet-dragging responses in the record to the Trustee's request for Mrs. Panco, Sr.'s full name. If, as defendant alleges, the delay was due to confusion as to which Mrs. Panco was the subject of the interrogatory, the matter could easily have been addressed by listing the full name of both Mrs. Panco, Sr. and Mrs. Panco, Jr. The court finds that movant both had notice of the lawsuit and knew or should have known that she was the proper party.

■ The fourth and final element relates to the time of notice: *Schiavone* interpreted Fed.R.Civ.P. 15(c)'s "within the period provided by law" to mean within the applicable statute of limitations, excluding service of process. The party must have received actual notice (requirements two and three) within the applicable limitations period. *Schiavone*, 477 U.S. at 30, 106 S.Ct. at 2384. Accordingly, the relevant time is January 4, 1990—the date Anne Panco received service of process, not the date the original complaint was filed. If January 4, 1990 was within the limitations period for the action, Mrs. Panco, Sr. had timely notice under *Schiavone* and the amended complaint relates back to the date of the filing of the original complaint (December 18, 1989). If January 4, 1990 is outside the limitations period, she will not have received actual notice "within the period provided by law." Fed.R.Civ.P. 15(c) [effective until Dec. 1, 1991].

■ Anne Panco claims that the statute ran two years from the date the interim trustee was appointed (Dec. 18, 1987). The substitute trustee apparently thought that may be the case for he cautiously filed his complaint December 18, 1989. He now argues that the time period runs from the section 341 meeting of creditors and this court agrees.

Section 546 provides:

§ 546. Limitations on avoiding powers.

(a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

Because the Surf & Sand case remains open, the relevant date in section 546(a)(1) is the section 702 appointment of a trustee. *Ravick v. Mellon Bank, N.A. (In re Chequers, Inc., Ltd.)*, 59 B.R. 177, 178 (Bankr. W.D.Pa.1986).

Section 702(b) provides that the creditors *may* elect a trustee at the section 341 meeting of creditors. If they do not, "then the interim trustee shall serve as trustee in the case." 11 U.S.C. § 702(d). "It is evident from reading § 546(a)(1) and § 702 that the two-year time limitation imposed by § 546(a)(1) does not begin to run until the election or qualification of a permanent trustee at the § 341 meeting of creditors." *Kroh v. T.R.M. Mfg. (In re Conco Building Supplies, Inc.)* 102 B.R. 190, 191–92 (Bankr.9th Cir.1989) (citation omitted); *Accord Varalli v. PTL Intermodal (In re Metro Shippers, Inc.)* 95 B.R. 366, 368–69 (Bankr.E.D.Pa.1989) (collecting cases).

The Surf & Sand section 341 meeting of creditors was held on February 11, 1988. The creditors failed to elect a trustee at that time, therefore, the interim trustee became the permanent trustee on February 11, 1988. 11 U.S.C. § 702(d). The limitations period ran on the trustee's strong-arm powers two years later: February 11, 1990. 11 U.S.C. § 546(a)(1); *In re Chequers*, 59 B.R. at 178. Therefore, the actual notice received by Mrs. Panco, Sr. in January of 1990 was "within the limitations period provided by law."

### III. *Conclusion*

The Trustee has met all the requirements under Fed.R.Civ.P. 15(c) for the relation back of his amended complaint to the date of filing of the original complaint. Therefore, the amended complaint is not barred by the Code's two-year limitations period.

An order in accordance with this Memorandum Opinion is attached.

## ORDER

AND NOW, March 17, 1992, for the reasons stated in the attached Memorandum Opinion,

IT IS ORDERED that Movant's Motion to Dismiss is DENIED.