**In re DRYLAND MARINA, INC., Debtor.**

**Gerald E. LINDQUIST, Trustee, Plaintiff,**

**v.**

**FMB–FIRST MICHIGAN BANK, a Michigan banking corporation, Defendant.**

Bankruptcy No. SG 91–83761.
Adv. No. 94–8410.

United States Bankruptcy Court, W.D. of Michigan.

April 4, 1995.

McShane & Bowie (Denise D. Twinney, argued), Grand Rapids, MI, for plaintiff Trustee Gerald E. Lindquist.

Cunningham Dalman, P.C. (Ronald J. Vander Veen, argued), Holland, MI, for defendant FMB–First Michigan Bank.

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

JO ANN C. STEVENSON, Bankruptcy Judge.

In this case, we address whether the appointment of a Chapter 7 trustee upon the conversion of a case in which a Chapter 11 trustee has served begins a new two year statute of limitations period pursuant to 11 U.S.C. § 546(a)(1).[1] This issue has been the subject of debate within circuits throughout the country. Courts considering this question have weighed the statute's "plain meaning" against bankruptcy policy and have reached remarkably different results. It is this inconsistent precedent, along with an amendment in the Bankruptcy Reform Act of 1994 ("Reform Act"), that the Court considers to resolve the dispute before it.

### FACTS

Dryland Marina, Inc. filed a voluntary Chapter 11 petition on July 11, 1991 and the case was converted to Chapter 7 on November 20, 1992. Trustee Gerald E. Lindquist filed a Complaint to Recover Fraudulent Conveyances and/or Preferential Transfers on November 18, 1994 alleging that the Debtor made payments to Defendant FMB–First Michigan Bank (FMB) in the year prior to filing that are. avoidable pursuant to 11 U.S.C. § 548 and § 550. The transfers involved payments made in 1990 and 1991 on a multitude of loan accounts. In response, FMB filed a Motion to Dismiss or for Summary Judgment on February 3, 1995 claiming that the Trustee's fraudulent conveyance and/or preference action is time-barred by 11 U.S.C. § 546(a). FMB argues that because a trustee was appointed in the Chapter 11 proceeding on December 6, 1991, the period for filing complaints seeking to avoid these transfers ended on December 6, 1993. Since the Trustee missed this deadline by almost a year, FMB requests that the Court dismiss the Trustee's complaint.

The Trustee claims that his complaint is timely because it was filed on November 18, 1994, which is within two years of his November 20, 1992 appointment as Chapter 7 trustee. He argues that upon his appointment as Chapter 7 trustee, he was given a "fresh" two year period to pursue actions under Sections 547 and 548 and the other avoiding powers listed under Section 546(a)(1) (Plaintiff Trustee's Memorandum Of Law in Support of His Response to Defendant's Motion to Dismiss or for Summary Judgment, p. 4).

### JURISDICTION

Determining the timeliness of Plaintiff's Complaint to Recover Fraudulent Conveyances and/or Preferential Transfers ("Trustee's complaint") is a core proceeding pursuant to 28 U.S.C. § 157(b)(F) and (H). Accordingly, the Court is authorized to enter a final order subject to those appeal rights provided by 28 U.S.C. § 158(a). For the reasons that follow, the Court determines that the Trustee's complaint is untimely pursuant to 11 U.S.C. § 546(a)(1) and grants FMB's motion to dismiss.

### ANALYSIS

Section 546(a) of the Bankruptcy Code provides:

(a) An action or proceeding under section 544, 545, 547, 548 or 553 of this title may not be commenced after the earlier of—

(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or

(2) the time the case is closed or dismissed.

The parties dispute the meaning of the phrase "appointment of *a* trustee" under this section of the Code. Plaintiff claims that the phrase means every trustee, while defendant asserts that it only means the first trustee.

Both Plaintiff and Defendant cite substantial case law to support their respective stands on this issue. Plaintiff primarily relies on *In re SSS Enterprises, Inc.*, 145 B.R. 915 (Bankr.N.D.Ill.1992) to support his belief that "a trustee" means every trustee. The *SSS Enterprises* court held that a new two-year statute of limitations began to run in

---

1. Unless otherwise noted, all future statutory references are to Title 11 of the United States Code as it was enacted by the Bankruptcy Reform Act of 1978 as amended.

favor of the Chapter 7 trustee regardless of an earlier appointment of a Chapter 11 trustee. Plaintiff cites the court's reliance on the different objectives of Chapters 7, 11, and 13 as support that trustees appointed under each chapter should have a full opportunity to commence avoidance actions. For example, the purpose of a Chapter 11 reorganization is "the salvage and rehabilitation of a financially distressed business, not necessarily ... [the] recovery of voidable transfers." *Stuart v. Pingree (In re Afco Dev. Corp.)*, 65 B.R. 781, 786 (Bankr.D.Utah 1986). On the other hand, the goal of a Chapter 7 trustee is to maximize and protect the value of the debtor's estate. Several other courts have employed this reasoning to support their holding that the two year statute of limitations runs anew with the appointment of every trustee. *Jobin v. Boryla (In re M & L Business Machine Co.)*, 171 B.R. 383 (D.Colo.1994); *In re Wood*, 113 B.R. 253 (Bankr.S.D.Miss.1990); *Stuart v. Pingree (In re Afco Dev. Corp.)*, 65 B.R. 781 (Bankr. D.Utah 1986); *In re Chequers Ltd.*, 59 B.R. 177 (Bankr.W.D.Pa.1986).

Defendant's supporting case law focuses on the integrity of the statute of limitations as a means of protecting litigants against stale claims and providing them with a sense of closure. This line of cases holds that the two year statute of limitations begins to run after the appointment of the first trustee and continues regardless of subsequent conversions and appointments. *McCuskey v. Central Trailer Services, Ltd.*, 37 F.3d 1329 (8th Cir. 1994); *Ford v. Union Bank (In re San Joaquin Roast Beef)*, 7 F.3d 1413 (9th Cir.1993); *In re CVA Associates*, 171 B.R. 122 (D.Utah 1994).

■ The Court found the case law provided by both parties to be well reasoned. However, the most persuasive analysis appears in the recent opinion *In re John Hicks Oldsmobile—GMC Truck, Inc.*, 174 B.R. 81 (Bankr.E.D.Tenn.1994).[2] In that case, The Hon. John C. Cook identified the two camps of case law discussed above and reached his decision based on the Bankruptcy Reform Act of 1994, Pub.L. No. 103–394, § 216, 108

Stat. 4106, 4126–27 (1994). Section 216 of the Reform Act amended § 546(a)(1) to read as follows:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—

(1) the later of—

(a) 2 years after the entry of the order for relief; or

(b) 1 year after the appointment or election of the first trustee section 702, 1104, 1163, 1202, or 1302 of this title if such appointment or such election occurs before the expiration of the period specified in subparagraph (a); or ...

This amendment not only makes clear that the statute of limitations begins to run after the appointment of the *first* trustee, it also restricts the amount of time that the trustee has to bring an action to one year after appointment assuming that appointment occurs within two years after the entry of the order for relief. The focus of § 546(a) is upon limiting the period that a creditor is at risk of avoidance actions.

■ While the amendment does not apply to pending cases such as this one, the amendment and the policies which it promotes may be considered in determining the correct interpretation of the statute in question. *In re Millers Cove Energy Co., Inc.*, 179 B.R. 77 (Bankr.E.D.Tenn.1995). The views of a subsequent Congress cannot override the unmistakable intent of the enacting one, but they are entitled to "significant weight," particularly "when the precise intent of the enacting Congress is obscure." *Seatrain Shipbuilding Corp. v. Shell Oil Co.*, 444 U.S. 572, 596, 100 S.Ct. 800, 813–14, 63 L.Ed.2d 36 (1980). After analyzing the divergent interpretations of § 546(a) prior to the enactment of the Bankruptcy Reform Act of 1994, this Court believes that its meaning was anything but clear. Therefore, we think it appropriate to consider the amendment of § 546(a) in arriving at the correct interpretation of the prior statute. *Morgan Guaranty Trust Co. v. American Savings & Loan*

---

**2.** The Court notes that *John Hicks Oldsmobile–GMC* has been withdrawn from publication for reasons not affecting the outcome or analysis contained in this opinion.

*Ass'n,* 804 F.2d 1487 (9th Cir.1986), *Seatrain Shipbuilding,* 444 U.S. at 596–97, 100 S.Ct. at 814.

■ In looking to subsequent legislation to determine the interpretation of prior legislation, the Court must consider whether the subsequent legislation is intended to alter a prior statute or clarify its meaning. As explained by the Third Circuit Court of Appeals:

> Although it is well established that subsequent legislation reflecting Congress' interpretation of an earlier act is entitled to substantial weight in determining the meaning of an earlier statute ..., the question here is whether the amendment in question is to be considered a clarification or a change ... Numerous cases suggest that where, as here, there is an ambiguous statute or a dispute or ambiguity, such as a split in the circuits, [this is] an indication that a subsequent amendment is intended to clarify, rather than change, the existing law. This cannot be taken as settled, however, for [a] number of cases ... have taken the contrary position and hold that where an act is amended ... so that doubtful meaning is resolved such action constitutes evidence that previous statute meant the exact contrary.

*Barnes v. Cohen,* 749 F.2d 1009, 1015 (3d Cir.1984), *cert. denied,* 471 U.S. 1061, 105 S.Ct. 2126, 85 L.Ed.2d 490 (1985) (Internal citations omitted); *In re Harry Levin, Inc.,* 175 B.R. 560 (Bankr.E.D.Pa.1994).

In light of the fact that § 546(a)(1) was amended against a backdrop of inconsistent case law and that Congress chose to underscore the importance of a statute of limitations rather than the various roles of trustees under different chapters, this Court believes that the 1994 amendment was intended to clarify, not change, the interpretation that the two-year statute of limitations continues to run from the appointment of the first trustee, regardless of subsequent conversions or appointments of new trustees. The legislative history of the amendment supports this conclusion. Originally, the legislative history placed on the record and subsequently published regarding the Reform Act's amendment to § 546(a) read as follows:

> *Section 217. Limitation of avoiding powers.*
>
> This section clarifies section 546(a)(1) of the Bankruptcy Code which imposes a 2–year statute of limitations within which an appointed trustee must bring an avoidance action. The purpose of a statute of limitations is to define the period of time that a party is at risk of suit. This section defines the applicable statute of limitations as 2 years from the entry of an order of relief or 1 year after the appointment of the first trustee if such appointment occurs before the expiration of the original 2–year period. The section is not intended to affect the validity of any tolling agreement or to have any bearing on the equitable tolling doctrine where there has been fraud determined to have occurred. The time limits are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding.

140 Cong.Rec. H10752–01.

This language was subsequently changed. On October 7, 1994 Representative Jack Brooks (D–Tx) "clarified" this language on the record. The clarification reads as follows:

> This section defines the applicable statute of limitation period under section 546(a)(1) of the Bankruptcy Code as being two years from the entry of an order of relief or one year after the appointment of the first trustee if such appointment occurs before the expiration of the original two-year period. Adoption of this change is not intended to create any negative inference or implication regarding the status of current law or interpretations of section 546(a)(1).
>
> This section is not intended to have any bearing on the equitable tolling doctrine where there has been fraud determined to have occurred. Further, the time limits are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding.

140 Cong.Rec. E2204–01.

Representative Brooks did not explain why he believed the prior description required

"clarification". It appears to the Court that substituting "define" for "clarify" is merely a matter of semantics. Further, we are not certain what Congress meant when it said that the amendment is not intended to create a negative inference or implication regarding the application of current law because we do not know what it would mean to draw a negative implication from that case law. Despite the change made in the legislative history, we believe that by focusing on limiting the period that a creditor is at risk of avoidance actions rather than the duties of the various trustees, the language supports our conclusion that the amendment clarifies, not changes, the meaning of § 546(a)(1).

### CONCLUSION

Based upon the recent amendment to § 546(a)(1) and the applicable legislative history, we find that those cases holding that the two-year statute of limitations period continues to run after the appointment of the first trustee, regardless of subsequent conversions and appointments of new trustees, are correctly decided. Therefore, the statute of limitations in the present case ran in December of 1993, making Plaintiff's Complaint filed on November 18, 1994 untimely. Defendant's motion to dismiss is granted.

IT IS HEREBY ORDERED that the Motion To Dismiss filed by Defendant FMB–First Michigan Bank be and hereby is granted and the Trustee's Complaint to Recover Fraudulent Conveyances and/or Preferential Transfers filed by Trustee Gerald E. Lindquist be, and hereby is dismissed with prejudice.

IT IS FURTHER ORDERED that a copy of this Memorandum Opinion and Order be served by first-class United States mail upon Trustee Gerald E. Lindquist, Denise D. Twinney, Esq., FMB–First Michigan Bank, and Ronald J. Vander Veen, Esq.