LUCERO, Circuit Judge.
These appeals present a fairly straightforward legal question: Whether the former 11 U.S.C. § 546(a)’s two-year limitations period for avoidance actions begins to run anew following conversion to Chapter 7 proceedings and the appointment of a second trustee. Bankruptcy courts have reached contrary results. The two circuit courts that have addressed this issue have both held that § 546(a)’s language unambiguously provides for a single two-year time frame, beginning with the appointment of the first trustee, during which that trustee, or any subsequently appointed trustee, can pursue avoidance actions. For the reasons stated in this opinion, we elect to follow the lead of our sister circuits and reverse. Because there appear to be reasons which may warrant an equitable tolling of the statute of limitations, we remand for such a determination.
Defendants-appellants Eagle Trace Employee Pension Plan, its trustee Vincent Boryla,[1] and Freda Vizcarra appeal from the district court’s decision affirming the bankruptcy court’s denial of defendants’ motions to dismiss, Bankr.R. 7012 (incorporating Fed. R.Civ.P. 12(b)), adversary proceedings asserted against them by the bankruptcy trust *589 ee, plaintiff Christine L. Jobin.[2] This court has jurisdiction under 28 U.S.C. § 1292(b), alter having granted defendants permission to appeal in accordance with Fed.RApp.P. 5. We review the legal questions presented here de novo. Sender v. The Nancy Elizabeth R. Heggland Family Trust (In re Hedged-Invs. Assocs., Inc.), 48 F.3d 470, 472 (10th Cir.1995).
Debtor M & L Business Machine Company filed for Chapter 7 bankruptcy relief on October 1,1990. Soon thereafter, debtor converted the case to a Chapter 11 reorganization proceeding, and, on December 19, 1990, see Boryla App., vol. II at 68, 403, the bankruptcy court appointed Ms. Jobin as trustee.[3] On September 26, 1991, however, the case was converted back to a Chapter 7 liquidation proceeding and, on October 1, 1991, Ms. Jo-bin was appointed the Chapter 7 trustee.
On September 24, 1993, within two years of her appointment as Chapter 7 trustee, but over two years after her initial appointment as Chapter 11 trustee, Ms. Jobin amended an ongoing adversarial proceeding to assert claims against Eagle Trace Pension Plan and its trustee, Vincent Boryla. She sought recovery of transfers under, among other statutory provisions, 11 U.S.C. §§ 547 and 548. Also on that date, Ms. Jobin commenced an action against Ms. Vizcarra, also seeking to recover transfers under 11 U.S.C. §§ 547 and 548.
Defendants moved for the dismissal of these avoidance proceedings, arguing that they were barred by § 546(a)’s two-year limitations period running from Ms. Jobin’s initial appointment as Chapter 11 trustee.[4] The bankruptcy court denied these motions, determining that a new two-year limitations period began to run following Ms. Jobin’s appointment as the Chapter 7 trustee.
In affirming, the district court concluded that § 546(a)[5] was ambiguous as to whether the two-year limitations period should begin to run again upon conversion and the appointment of a second trustee, and that the legislative history did not help resolve the issue. Jobin v. Boryla (In re M & L Business Mach. Co.), 171 B.R. 383, 386 (D.Colo. 1994). Looking to the policies underlying § 546(a), the district court held that the limitations period began to run anew following the appointment of a subsequent Chapter 7 trustee. Id. at 386-87. Noting the different *590 roles and objectives of a trustee under Chapter 11 and Chapter 7, the district court determined that an additional two-year period was necessary to provide the Chapter 7 trustee the opportunity to fulfill her duties of maximizing the estate for the creditors’ benefit. Id. at 386.
The two courts of appeal that have addressed this issue have concluded that the limitations period does not begin to run again following the conversion of a Chapter 11 case to a Chapter 7 proceeding and the appointment of a second trustee. McCuskey v. Central Trailer Services, Ltd., 37 F.3d 1329, 1332 (8th Cir.1994); Ford v. Union Bank (In re San Joaquin Roast Beef), 7 F.3d 1413, 1416 (9th Cir.1993). Accord Lindquist v. FMB-First Mich. Bank (In re Dryland Marina, Inc.), 180 B.R. 487, 491 (Bankr.W.D.Mich.1995); Grabscheid v. Denbo Iron & Metal, Inc. (In re Luria Steel & Trading Corp.), 164 B.R. 293, 297 (Bankr.N.D.Ill.1994).
The language of § 546(a) is clear. It provides that the two-year limitations period begins to run “after the earlier of’ either the appointment of a trustee or the time the case is closed or dismissed. Once a trustee is appointed, the limitations period is set in motion. See Gillman v. Mark Oakes Trucking (In re CVA Assocs.), 171 B.R. 122, 127 (D.Utah 1994).
Nothing in the statute suggests that the clock should be reset following the appointment of another trustee later in the proceedings. See McCuskey, 37 F.3d at 1332 (“[T]he disjunctive language only specifies that the single, continuous, two-year statute of limitations begins to run with the appointment of a trastee under one of the enumerated chapters, not that the limitations period should start over if the case is subsequently converted to another chapter and a new trustee is appointed. We find any other reading of the disjunctive language to be unnatural.”); In re San Joaquin Roast Beef, 7 F.3d at 1416 (“A plain reading of section 546(a) is that the two-year statute of limitations begins ranning from the date the first trustee is appointed and that all subsequent trustees are subject to the same two-year statute of limitations.”).
“[Wjhere, as here, the statute’s language is plain, ‘the sole function of the courts is to enforce it according to its terms.’” United States v. Ron Pair Enters., Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 1030, 103 L.Ed.2d 290 (1989) (quoting Caminetti v. United States, 242 U.S. 470, 485, 37 S.Ct. 192, 194, 61 L.Ed. 442 (1917)). The plain meaning of the statute, therefore, will be conclusive, “except in the ‘rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters.’” Id. at 242, 109 S.Ct. at 1031 (quoting Griffin v. Oceanic Contractors, Inc., 458 U.S. 564, 571, 102 S.Ct. 3245, 3250, 73 L.Ed.2d 973 (1982)). This is not such a rare ease. Because we agree with the district court that the legislative history of this version of § 546(a) is not helpful in determining the intent of its drafters, see generally Stuart v. Pingree (In re Afco Dev. Corp.), 65 B.R. 781, 784 (Bankr.D.Utah 1986) (discussing legislative history of original § 546(a)), the legislative history cannot be said to suggest a contrary view. See Ron Pair Enters., Inc., 489 U.S. at 243, 109 S.Ct. at 1031.[6]
Our interpretation gives full effect to the policies embodied in § 546(a). The purposes of statutes of limitation are to insure finality and to prevent the assertion of stale claims. See McCuskey, 37 F.3d at 1333; In re San Joaquin Roast Beef, 7 F.3d at 1415; see generally United States v. Kubrick, 444 U.S. 111, 117, 100 S.Ct. 352, 356, 62 L.Ed.2d 259 (1979) (“Statutes of limitations ... represent a pervasive legislative judgment that it is unjust to fail to put the adversary on notice to defend within a specified period of time and that the right to be free of stale claims in time comes to prevail over the right to prosecute them.” (quotation, citations *591 omitted)). These purposes would not be served by allowing the two-year limitations period to begin to run anew every time a trustee is appointed in a bankruptcy proceeding. See In re CVA Assocs., 171 B.R. at 128; In re Luria Steel & Trading Corp., 164 B.R. at 296-97. Despite the trustee’s arguments to the contrary, “there is no indication anywhere in the Bankruptcy Code or the policies underlying § 546(a)(1) that Congress intended courts construing § 546(a)(1) to make the well-established purposes of statutes of limitations subservient to considerations of a chapter 7 trustee’s ability to pursue actions to maximize the chapter 7 estate after a case is converted from chapter 11.” McCuskey, 37 F.3d at 1333.
Our decision does not completely resolve the trustee’s claims for the recovery of prepetition transfers from defendants. The trustee argues that, even if her pursuit of these adversary proceedings is subject to a single two-year limitations period beginning upon her appointment as Chapter 11 trustee, that time frame was equitably tolled under the circumstances of this bankruptcy proceeding.
Defendants counter that, while tolling is ordinarily a fact-based inquiry, see, e.g., Schwartz v. Kursman (In re Harry Levin, Inc.), 175 B.R. 560, 579 (Bankr.E.D.Pa.1994), the record in this case would justify this court’s denying tolling as a matter of law. See Ernst & Young v. Matsumoto (In re United Ins. Management, Inc.), 14 F.3d 1380, 1384 (9th Cir.1994) (determining; as matter of law, that equitable tolling not available under undisputed facts of that case). This we decline to do.
Section 546(a) is subject to the doctrine of equitable tolling. See id. at 1385 (noting that every court that has considered this issue has held that equitable tolling ápplies to § 546(a)(1)). Equitable tolling will prevent § 546(a) from running when the trustee, despite the exercise of due diligence, is prevented from asserting a cause of action because she remains unaware of that cause of action due to fraud, id., or when “extraordinary circumstances beyond plaintiff’s] control made it impossible to file claims on time,” Amazing Enters. v. Jobin (In re M & L Business Machs., Inc.), 153 B.R. 308, 311 (D.Colo.1993) (quotation omitted) (equitable tolling available while trustee appealed decision that she lacked standing to assert avoidance proceeding; initiation of avoidance action under those circumstances would have been waste of time). In this case, the trustee has specifically alleged that her investigation into the bankruptcy estate and any possible avoidance actions was severely hampered by debtor’s misrepresentation of its assets and debts on its bankruptcy petition schedules, concealment of pertinent documents, and destruction of relevant records. The trustee further asserts that she was, for a period of time, unable to obtain key records which had been seized by the Justice Department in connection with criminal charges filed against debtor’s principals.[7]
While defendants do not dispute these facts, 'they argue that the trustee’s ability to commence several hundred other avoidance actions within two years of her appointment as Chapter 11 trustee demonstrates that she did not diligently pursue these avoidance actions as a matter of law. See generally In re United Ins. Management, Inc., 14 F.3d at 1385 (extent to which plaintiff used due diligence is measured by objective standard; therefore, court may determine, as matter of law, that trustee failed to exercise due diligence if uncontroverted evidence irrefutably demonstrates that plaintiff discovered or should have discovered fraud but, nonetheless, failed to file timely complaint).
The fact that the trustee was able to commence other avoidance actions within two years of her Chapter 11 appointment, however, does not show that she had knowledge of these particular causes of action and could have asserted them within that time frame. Because the trustee asserts some facts that could support her argument that she was in fact prevented from raising these claims *592 within two years of her appointment as Chapter 11 trustee, we cannot say that “the uncontroverted evidence irrefutably demonstrates” that the trustee was able and should have commenced these avoidance actions within the limitations period. See id. We, therefore, remand this action to the district court with instructions to remand to the bankruptcy court for consideration of the issue of the equitable tolling of § 546(a)’s limitations period.
The judgment of the district court is REVERSED, and the causes are REMANDED for proceedings consistent with this opinion.

. These appeals do not concern the claims plaintiff asserts against Vincent Boryla individually.

. The cases are unanimously ordered submitted without oral argument in accordance with the appropriate rules.

. The parties do not argue that the § 546(a) limitations period started to run from the date of the filing of the Chapter 11 petition. See Zilkha Energy Co. v. Leighton, 920 F.2d 1520, 1524 (10th Cir.1990) (§ 546(a) applies to debtor in possession and begins to run from date Chapter 11 petition filed). We have no occasion, therefore, to address the issue of whether the trustees were subject to a single two-year limitations period that began to run from the filing of the Chapter 11 petition. Because the bankruptcy court appointed the Chapter 11 trustee less than three months after the filing of the Chapter 11 petition, it makes no difference to the outcome of these appeals whether we calculate the two-year § 546(a) limitations period from the date of the filing of the Chapter 11 petition or from the date of the appointment of the .Chapter 11 trustee.

. As additional grounds supporting the dismissal of the complaint asserted against her, Ms. Vizcarra argued that she was not a creditor of the estate and, therefore, could not be found liable to the estate, that the bankruptcy court lacked personal jurisdiction over her, and that the trustee had failed sufficiently to allege venue and subject matter jurisdiction. Vizcarra’s App. at 20-22. Ms. Vizcarra reasserts these arguments on appeal to this'court.
Our jurisdiction under 28 U.S.C. § 1292(b) is not confined to the question certified for appeal, which in this case is the issue of the application of § 546(a)’s statute of limitations, see Vizcarra’s App. at 123-24; we may address any issue necessary to the resolution of these appeals. See Homeland Stores, Inc. v. RTC, 17 F.3d 1269, 1272 (10th Cir.), cert. denied, - U.S. --, 115 S.Ct. 317, 130 L.Ed.2d 279 (1994). Nonetheless, we are limited to consideration of the order from which Ms. Vizcarra’s appeal is taken. See id. at 1271. Neither the bankruptcy court nor the district court addressed these alternate arguments in their orders and we, therefore, do not do so here.

. The pertinent version of the statute provides that
[a]n action or-proceeding under section 544, 545, 547, 548, or 553 of this title may not be commenced after the earlier of—
(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or
(2) the time the case is closed or dismissed.
11 U.S.C. § 546(a) (subsequently amended in 1994).

. We recognize that, in 1994, Congress amended § 546(a) to make it clear that the limitations period runs after the appointment of the first trustee. 11 U.S.C. § 546(a)(1)(B). "In light of the fact that § 546(a)(1) was amended against the backdrop of inconsistent case law and that Congress chose to underscore the importance of a statute of limitations rather than the various roles of trustees under different chapters,” In re Dryland Marina, Inc., 180 B.R. at 490, we consider this 1994 amendment to have been a clarification, rather than a change, in the law.

. Defendant-Appellant Vizcarra's request that we strike the trustee’s.statement of the case con-tamed in her brief is denied.