In re AMERICAN PAD & PAPER COMPANY, Debtor.

Steven G. Singer, Trustee, Plaintiff,

v.

Franklin Boxboard Co., a/k/a Franklin Boxboard Corporation and Bennington Paperboard Company, Divisions of the Newark Group, Inc., Defendants.

Steven G. Singer, Trustee, Plaintiff,

v.

Nationwide Papers Incorporated, Defendant.

Steven G. Singer, Trustee, Plaintiff,

v.

W & D Machinery Co., Inc., Defendant.

Bankruptcy Nos. 00–66 to 00–68, 00–70 to 00–72 (PJW).

Adversary Nos. 02–5727 (JKF), 02–6655 (JKF), 02–6246 (JKF).

United States Bankruptcy Court, D. Delaware.

Oct. 28, 2003.

Robert W. Mallard, Robert W. Pedigo, Cooch and Taylor, Wilmington, DE, for Plaintiff.

Christopher Page Simon, The Bayard Firm, Wilmington, DE, for Defendants.

## MEMORANDUM OPINION [1]

JUDITH K. FITZGERALD, Chief Judge.

In each of the above-captioned adversaries the chapter 7 Trustee filed complaints seeking to avoid transfers under § 547 and § 549. The Defendants' dispositive motions and briefs as well as the Trustee's briefs in all three adversaries address only the statute of limitations under § 546. None of them address the statutes of limitations under § 549. With respect to the counts under § 547 we find that the statute of limitations expired before the adversary actions were filed. The outcome with respect to the allegations in the complaint under § 549 require a different analysis.

### § 546   Statute of Limitations and § 547

■ The outcome depends on whether the appointment of the interim trustee under 11 U.S.C. § 701 commences the running of the limitations period stated in § 546(a)(1)(B). Section 701 provides, in pertinent part:

---

1. The court's jurisdiction was not at issue. This Memorandum Opinion constitutes our findings of fact and conclusions of law.

(a)(1) Promptly after the order for relief under this chapter, the United States trustee shall appoint one disinterested person ... to serve as interim trustee in the case....

(b) The service of an interim trustee ... terminates when a trustee elected or designated under § 702[2] ... qualifies ....

(c) An interim trustee serving under this section is a trustee in a case under this title.

Section 546 provides, in pertinent part:

(a) An action or proceeding under section 544, 545, 547, 548, or 553 ... may not be commenced after the earlier of—

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702, 1104, 1163, 1202, or 1302 ... if such election occurs before the expiration of the period specified in subparagraph (A) ....

On January 14, 2000, an order for relief was entered following the filing of an involuntary chapter 11 petition on January 10, 2000. On November 21, 2001, the creditors' committee filed a motion to convert to chapter 7. The motion was granted by order dated December 21, 2001. By the terms of the order the conversion would be effective on January 3, 2002. A trustee, Jeoffrey Burtch, was appointed as chapter 7 trustee on January 3, 2002, within two years of the entry of the order for relief. At the meeting of creditors pursuant to § 341,[3] creditors requested the election of a permanent trustee pursuant to § 702.[4] Steven Singer was elected on or about February 13, 2002, the date set for the chapter 7 § 341 meeting.[5] This date was more than two years after the date of the entry of the order for relief. The complaints were all filed in September, October and November of 2002. All of the defendants assert that the actions against them are barred by the two-year time limit set forth in § 546(a). The defendants filed motions as stated in the caption above. Defendants' motions will be granted with respect to the § 547 aspects of the Trustee's complaints as all of the complaints were filed beyond the maximum time period under § 546.

---

**2.** Section 702 is captioned "Election of trustee" and provides that if a trustee is not elected the interim trustee shall serve as the trustee.

**3.** The creditors' meeting was scheduled for February 13, 2002, *see* Dkt. No. 1477, but the docket does not reflect that it was held that day. A later docket entry dated February 8, 2002, states that the entry was in error. Docket entries made in May, 2002, state that the § 341 meeting was concluded on May 22, 2002. *See* Dkt. Nos. 1558, 1574, 1575, 1576, and 1577.

**4.** On February 26, 2002, the U.S. Trustee filed a Report of Election of Trustee. *See* Dkt. No. 1502. On November 1, 2002, the U.S. Trustee filed a Notice to Elected Interim Trustee/Trustee of Selection in an Asset Case, Dkt. No. 1646. The notice is dated June 19, 2002.

**5.** The docket does not reflect when Mr. Singer qualified as trustee. The Notice to Elected Interim Trustee/Trustee of Selection in an Asset Case dated June 19, 2002, was docketed November 1, 2002. Section 322(a) provides that a trustee qualifies if the trustee files a bond before five days after being chosen or elected. Mr. Singer was chosen on or about February 13, 2002. However, Mr. Singer's bond is dated March 11, 2002, and was filed with the Clerk on March 22, 2002, well beyond the four day period provided in § 322(a). Dkt. No. 1517. A Bond Rider increasing the amount of the bond was filed on February 26, 2003, Dkt. No. 1819, another Bond Rider further increasing the bond was dated and filed on April 29, 2003, Dkt. No. 1831.

In 1994 § 546(a) was revised. Prior to 1994 § 546(a) provided that the deadline to file certain actions was "(1) two years after the appointment of a trustee under section 702, 1104, 1163, 1302, or 1202 of this title; or (2) the time the case is closed or dismissed". Under the pre–1994 version the minority view held that appointment of an interim trustee triggered the running of the statute of limitations. The appointment of an interim trustee under § 701 did not trigger the running of the statute of limitations. The election of a trustee under § 702 had that effect.

The pre–1994 majority view held that appointment of an interim trustee did not commence the running of the statute of limitations because a permanent trustee was not appointed under § 702. The statute of limitations did not begin to run until the trustee qualified under § 702. Inasmuch as an interim trustee is appointed under § 701, the statute did not begin to run.

In *In re Ambulatory Medical & Surgical Health Care, Inc.*, 187 B.R. 888 (Bankr. W.D.Pa.1995), the pre–1994 version of § 546 applied and the court said:

> We agree with the majority view that the two-year time period for bringing an action pursuant to §§ 544, 547, or 548 of the Code does not begin to run with the appointment of a chapter 7 trustee who is appointed on an interim basis pursuant to 11 U.S.C. § 701 and who then is replaced by a permanent trustee appointed pursuant to 11 U.S.C. § 702 ... while the interim trustee who is appointed pursuant to § 701 remains in office when there is a dispute which results in the election of another trustee pursuant to 11 U.S.C. § 702. It begins to run in such situations only when the bankruptcy court issues an order resolving the dispute by either confirming or rejecting the election of the successor trustee.

187 B.R. at 894. Although the court appeared to qualify its conclusion by reference to the dispute that resulted in the election of a trustee, other language in the opinion indicates that the plain language of pre–1994 § 546(a) meant that the statute of limitations did not begin to run until the interim trustee appointed under § 701 was replaced by an elected trustee under § 702. The court also noted that § 546(a) had been amended in 1994 and if that amended version applied to the case before it all causes of action stated in the complaint would be barred as untimely. Earlier, however, in *In re Chequers, Ltd.*, 59 B.R. 177, 178 (Bankr.W.D.Pa.1986), the court held that the two-year statute of limitations began to run from the date of the § 341 meeting and that the appointment of a successor trustee did not extend the time period.

A first look at the statute as it exists post–1994 would suggest that an interim trustee, appointed under § 701, does not satisfy subsection (B) of § 546(a)(1) because that subsection specifically addresses a trustee appointed under § 702 and provides that "[t]he services of an interim trustee ... terminates when a trustee elected or designated under section 702 ... qualifies ...." Section 702(d) provides that if a trustee is not elected "then the interim trustee shall serve as trustee in the case."

In 1999, although bound by the pre–1994 version of § 546, a district court in New York faced a similar issue. In *In re Frank Santora Equipment Corp.*, 231 B.R. 486 (E.D.N.Y.1999), the court had to determine if, after conversion form chapter 11 to chapter 7, an adversary proceeding filed more than two years after the appointment of an interim trustee but less than two years after the appointment of the permanent trustee was barred by § 546(a). The court held that appointment of the perma-

nent trustee governed because § 546(a)(1)(B) referred only to § 702, not § 701. *In re Conco Building Supplies, Inc.*, 102 B.R. 190 (9th Cir. BAP 1989), held that § 546(a) time period did not begin to run until a permanent trustee was elected or qualified.

None of these cases controls the issue before us inasmuch as § 546(a) was significantly amended in 1994. Subsection (a)(1)(B) refers to "1 year after the appointment or election of the first trustee under section 702 ... if such ... election occurs before the expiration of the period specified in subparagraph (A)", *i.e.,* "2 years after the entry of the order for relief". In this case the § 702 elected trustee was not elected until more than two years after the date of the entry of the order for relief. Although the "first trustee" was appointed within the two year period, that period expired before Mr. Singer was elected. The order for relief was entered on January 14, 2000, conversion was effective on January 3, 2002, at which time the first trustee was appointed. The § 341 meeting and the date of election of the permanent trustee was February 13, 2002. The election was not within the two year time frame of § 546(a)(1)(A). By the terms of subsection (B) the additional one year to file the actions could not commence. Therefore, these actions are barred by the statute of limitations of § 546(a).

### Statute of Limitations and § 549

█ Section 549 has its own statute of limitations. Section 549(d) provides:

An action or proceeding under this section may not be commenced after the earlier of—

(1) two years after the date of the transfer sought to be avoided; or

(2) the time the case is closed or dismissed.

*Franklin Boxboard Co., Adversary No. 02–5727*

█ All of the transfers but one alleged in the complaint and the amended complaint occurred prepetition. The only transfer arguably at issue in this matter is one made on January 10, 2000, in the amount of $21,288.81. The involuntary petition was filed the same date. Section 549(b) provides:

In an involuntary case, the trustee may not avoid ... a transfer made after the commencement of such case but before the order for relief to the extent any value ... not including satisfaction or securing of a debt that arose before the commencement of the case, is given after the commencement of the case in exchange for such transfer, notwithstanding any notice or knowledge of the case that the transferee has.

In the matter before us the amended complaint provides no facts and neither the Defendant's answer nor its motion for judgment on the pleadings or the accompanying brief shed any light. Therefore, Count II of the complaint with respect to § 549 will be set for a status and pretrial conference.

*Nationwide Papers Incorporated, Adversary No. 02–6655*

None of the transfers alleged in the complaint were made postpetition. The last transfer cited in the complaint was made January 8, 2000, two days before the involuntary petition was filed. The complaint will be dismissed with respect to the § 549 count as well.

*W & D Machinery Co., Inc., Adversary No. 02–6246*

None of the transfers alleged in the complaint were made postpetition. The last transfer cited in the complaint was made January 8, 2000, two days before the

involuntary petition was filed. The complaint will be dismissed with respect to the § 549 count as well.

Appropriate orders will be entered.