In re AMERICAN PAD & PAPER
COMPANY, et al., Debtors.

Steven Singer, Chapter 7
Trustee, Plaintiff,

v.

Kimberly–Clark Corporation, d/b/a
Neenah Papers, Defendant.

Bankruptcy No. 00–00066–JKF.
Adversary No. 02–6706–JKF.

United States Bankruptcy Court,
D. Delaware.

March 15, 2004.

Conor Desmond Reilly, Gibson, Dunn & Crutcher, New York City, John Henry Knight, Mark D. Collins, Paul Noble Heath, Richards, Layton & Finger, P.A., Wilmington, DE, for debtor.

Deborah Cirilla Sellis, Akin & Herron, PA, Kathleen Miller, Smith, Katzenstein & Furlow LLP, Wilmington, DE, for defendant.

Robert W. Pedigo, Robert W. Mallard, Cooch and Taylor, Wilmington, DE, for Chapter 7 Trustee.

Margaret Louise Harrison, Office of United States Trustee, Wilmington, DE, United States Trustee.

## MEMORANDUM OPINION [1]

JUDITH K. FITZGERALD,
Bankruptcy Judge.

The chapter 7 trustee filed this action to avoid a preferential transfer under 11

1. This Memorandum Opinion constitutes my findings of fact and conclusions of law. The

U.S.C. § 547. Defendant seeks summary judgment asserting that the statute of limitations set forth in 11 U.S.C. § 546(a) bars the action. In this adversary as in others decided by this court on October 28, 2003,[2] the facts with respect to the statute of limitations are the same. That is, on January 14, 2000, an order for relief was entered following the filing of an involuntary Chapter 11 petition on January 10, 2000. On December 21, 2001, a motion was granted to convert the case to one under chapter 7 of the Bankruptcy Code. An interim trustee, Jeoffrey L. Burtch, was appointed on January 3, 2002. The permanent trustee, Steven G. Singer, was elected on February 13, 2002, pursuant to 11 U.S.C. § 702. This date is more than two years after the entry of the order for relief on January 14, 2000. The instant complaint was filed on November, 15, 2002.

For the reasons expressed in my October 28, 2003, Memorandum Opinions and Order I find that the trustee's action is barred by the statute of limitations set forth in § 546(a)(1)(B). I note that three days after my October 28, 2003, Memorandum Opinions and Orders were issued Judge Case decided *In re Allied Digital Technologies Corporation*, 300 B.R. 616 (Bankr.D.Del.2003). In *Allied Digital* the court held that the statute of limitations under § 546(a)(1)(B) began to run upon the appointment of the interim trustee. However, the complaints in that case were filed within one year of the appointment of the interim trustee by a successor trustee. The court held that the complaints were timely filed but noted in footnote 2 that the issue before me, i.e., the election of a trustee outside the initial two years, but

appointment of the interim trustee within two years, was not presented in *Allied Digital.*

In *Allied Digital* the court explained its belief that "the two year statute of limitations continues to run from the appointment of the first trustee, regardless of subsequent conversions or appointments of new trustees." 300 B.R. at 620, n. 3. In the matter before me, the interim trustee did not become the trustee under § 702(d) and the election of the trustee occurred more than two years after the order for relief was entered in the bankruptcy case.

Section 546(a)(1)(B) refers only to § 702(d), not at all to § 701:

(a) An action or proceeding under section ... 547 ... of this title may not be commenced after the earlier of—

(1) the later of—

(A) 2 years after the entry of the order for relief; or

(B) 1 year after the appointment or election of the first trustee under section 702 ... if such appointment or such election occurs before the expiration of the period specified in subparagraph (A). . . .

Section 702(d) states that "[i]f a trustee is not elected under this section, then the interim trustee shall serve as trustee in the case".

The language of § 702(d) is such that if the interim trustee remains as the case trustee and if the interim trustee files an action within one year of being appointed (assuming the appointment was within two years after the bankruptcy was filed) the

---

court's jurisdiction was not at issue.

**2.** The first opinion was docketed at Adversary Numbers 02–5173, 02–5602, 02–5715, 02–5828, 02–6248, 02–6253, 02–6643, 02–6773, 02–6955, 02–6249, 02–6250, 02–6259, 02–6650, 02–6682, 02–6683, 02–6780, 02–6994,

and 025718. The second opinion was docketed at Adversary Numbers 02–5727, 02–6655, and 02–6246. The latter opinion can be found at 303 B.R. 27 (Bankr.D.Del.2003). The orders are on appeal.

action would be timely. However, the election in this case occurred more than two years postpetition. The wording of § 546(a)(1)(B) does not grant an extension to a trustee elected more than two years after the order for relief. Furthermore, although that section specifically refers to "the first trustee under section 702", it also provides that "such appointment or election" must occur before the expiration of the time period in subsection (a)(1)(A).

There is no helpful legislative history.[3] I am mindful of the recent opinion issued by the U.S. Supreme Court in *Lamie v. United States Trustee*, —— U.S. ——, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004). *Lamie* examined an amendment to § 330 of the Bankruptcy Code which deleted a reference to payment of the debtor's attorney. This deletion led to a dispute over whether debtors' attorneys in chapter 7 must be appointed under § 327 in order to be paid under § 330. The Supreme Court referred to an "apparent legislative drafting error", —— U.S. at ——, 124 S.Ct. at 1028, but found no ambiguity even though "[t]he statute is awkward, and even ungrammatical" and even though the Court's reading might mean that certain language was "surplusage". —— U.S. at ——, ——, 124 S.Ct. at 1030, 1031. The Court rejected the petitioner's argument which would have required insertion of language that was omitted. The Court relied, instead, on the "plain language" of the statute. The Court also found it unnecessary to rely on

---

3. That which I was able to locate provides:

> This section clarifies section 546(a)(1) of the Bankruptcy Code which imposes a 2–year statute of limitations within which an appointed trustee must bring an avoidance action. The purpose of a statute of limitations is to define the period of time that a party is at risk of suit. This section defines the applicable statute of limitations as 2 years from the entry of an order of relief or 1 year after the appointment of the first trustee if such appointment occurs before the expiration of the original 2–year period. The section is not intended to affect the validity of any tolling agreement or to have any bearing on the equitable tolling doctrine where there has been fraud determined to have occurred. The time limits are not intended to be jurisdictional and can be extended by stipulation between the necessary parties to the action or proceeding.

1994 WL 545773 (Cong.Rec.) House of Representatives Proceedings and Debates of the 103rd Congress, Second Session, Tuesday, October 4, 1994. 140 Cong. Rec. H10752–01, at H10768.

> The Congressional Record with respect to proceedings before the Senate states:
>
> > The House has added a new provision, section 216, to the Bankruptcy Reform Act and I would like to clarify my belief as to the purpose and intent of including this section. It is my understanding that the current statute of limitations contained in section 546(a) of title 11 requires that an avoidance action be brought within 2 years of the filing of a chapter 11 petition, even if a trustee or other estate representative is subsequently appointed or the case is later converted. Thus, under current law, if a trustee or other estate representative is appointed after the current 2 year statute of limitations expires, any actions which the trustee may discover are time-barred. This amendment has arisen from a perceived need to provide a period of time for a later appointed bankruptcy estate representative to investigate and institute actions. This is yet another area of bankruptcy law that has been the subject of extensive litigation recently, and I commend the Congress for its attention to this problem. This amendment should prevent prejudice against potential defendents [*sic*] that would result from having to defend stale actions and should encourage estate representative[s] to investigate and resolve actions earlier in a bankruptcy case, thus minimizing estate expenses and maximizing the value of the estate to all creditors.

1994 WL 553390 (Cong.Rec.) Congressional Record—Senate Proceedings and Debates of the 103rd Congress, Second Session Thursday, October 6, 1994. 140 Cong. Rec. S14461–01 at S14465.

legislative history but examined it anyway, finding "it instructive that the history creates more confusion than clarity about the congressional intent", giving support to both the petitioner's argument which the Court rejected and to the Court's holding which "illustrate[d] ... the advantage of our determination to rest our holding on the statutory text." —— U.S. at ——, 124 S.Ct. at 1034.

I find the language of § 546(a)(1)(B) to present a similar interpretative problem by its omission of any reference to § 701, but am constrained to follow the dictates of the Supreme Court and apply the language of the statute as written. That is, I cannot read into § 546(a)(1)(B) a reference to § 701 with respect to appointment of interim trustees who do not become trustees.

An appropriate order will be entered.

## ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

AND NOW, this 15 day of **March, 2004,** for the reasons expressed in the foregoing Memorandum Opinion, it is **ORDERED, ADJUDGED and DECREED** that Defendant's motion for summary judgment is **GRANTED.**

It is **FURTHER ORDERED** that counsel for Defendant/Movant shall immediately serve a copy of this Memorandum Opinion and Order on all parties in interest and shall file a certificate of service forthwith.

It is **FURTHER ORDERED** that the Clerk shall close this adversary.